Stewart.
1s    20
130   273

PACE v. DOSSEY.

1. An amendment made in the Court below, pending the writ of error, cannot affect the costs in the Supreme Court.
2. Plea that the matter in controversy has been determined by the judgement of a justice is not good, unless it shew conclusively that the trial before the justice was on the merits.

TROVER by Dossey against Pace, in Morgan Circuit Court, for a bank note of $50. Defendant plead,

1. Not guilty.

2. That in a suit by plaintiff against him before J. T. a justice of the peace of said county, judgement was rendered in his favor, which judgement remains unreversed or otherwise vacated, and which suit and judgement embraced and determined the matter of controversy involved in this suit.

Issue on the 1st plea; demurrer to the 2nd.

*a October 1823.* At the succeeding term *a* the cause was submitted to arbitration, and the award returned by the arbitrators was set aside. At April term, 1824, there was a verdict for plaintiff and a new trial awarded. At October term, 1824, verdict for plaintiff $60. and judgement. On the 20th of April, 1825, Pace sued out a writ of error. In the transcript sent up, the demurrer to the second plea did not

appear to have been disposed of. At July term, 1826, a <span>JANUARY 1827.</span>
certiorari was awarded to defendant in error, to bring
up the entry of the judgement of the Circuit Court on the <span>Pace v. Dossey.</span>
demurrer. With the certiorari, was returned a transcript
shewing that in the Circuit Court at October term, 1826,
" agreeable to a motion made at last term, and continued
until this term, and it appearing that at April term, 1825,
it was adjudged that the demurrer to the second plea be
sustained, and that the clerk omitted to enter said judge-
ment." Therefore, said judgement was then entered as of
April term 1825.

Pace assigned that the Circuit Court erred,

1. In entering judgement *nunc pro tunc* when the mat-
ter omitted had been assigned as error.

2. In sustaining the demurrer.

3. If the first assignment be sustained, the record shews
an issue in law not determined.

KELLY and HUTCHINSON, for plaintiff.

CLAY and CAMPBELL, for defendant in error.

JUDGE SAFFOLD delivered the opinion of the ma-
jority of the Court.

THE authority and necessity for rendering judgement
*nunc pro tunc* in cases similar to this, is well established
by the practice of this and of other Courts; but it is ob-
jected that the entry was made after the writ of error had
issued, and the omission had been here assigned as error.
The authority so to amend the record as to make it cor-
respond with the truth of the adjudication was the same,
whether the writ of error had issued or not; but if there
was a defect which would have been fatal, and it is cor-
rected after the writ of error issued, the costs accruing on
the writ of error are to be adjudged against the party for
whose benefit the amendment has been made. [a] But in this <span>a Brown & Par-</span>
case there was an issue in fact involving the merits, and <span>sons v. Tarver—<br/>Minor's Ala. Rep</span>
an issue in law on the special plea. The usual and al- <span>370,</span>
most invariable practice in the Circuit Courts is to deter-
mine the issue in law before trying the other, if both are
relied on; and it often happens at the trial that the issue
in law is withdrawn, waived, or adjudged, and the entry
is omitted by the clerk as in the present case. It is be-
lieved to be a correct rule supported by authority, and the
previous practice of this Court to presume, (if there be no
shewing to the contrary,) that the issues in law were regu-

Pace
v.
Dossey.

larly disposed of in a manner corresponding with the judgement though the record may not shew it.

For these reasons, the amendment is deemed unimportant to the decision on the writ of error.

As to the merits of the plaintiff's demurrer to the second plea, the action was trover for a bank note of $50. Did this plea express, or sufficiently imply, that the matter in controversy was cognizable before the justice of the peace, or that the trial and judgement before him were on the merits? If interest or damages were claimed, (as the presumption is,) the justice had not jurisdiction of the amount in controversy. The averment of the plea, that the suit and judgement before the justice, "embraced and determined the matter in controversy involved by the suit in this behalf," is in language too indefinite to shew satisfactorily that a trial was had before the justice on the merits. Had the suit been dismissed, or a non suit entered, the same language might with equal propriety have been used, unless a different construction is to be given to the averment, that the controversy was thereby determined; and this would seem to involve a question of law which the party pleading had not the right to determine. A majority of the Court are of opinion that the plea should have shewn conclusively that the trial was on the merits. Judgement affirmed.

JUDGES TAYLOR and WHITE not sitting.