## BURGESS AND DAVIS vs. SUGG.

1. A plea, to an action, *autrefois acquit*, must show that the judgment of acquittal was had upon the merits—or that an issue was determined, which brought the merits of the suit before the court trying the cause.

2. A plea, to a suit on a bond, conditioned for the forthcoming of a slave (levied on) on the day of sale, *that the slave died before the commencement of the suit* is bad.

3. Where an execution, issued by a justice runs into a different county from that in which issued, and is indorsed by another justice, under the statute;[1] it is not necessary, to render the execution evidence, to prove the signature of the issuing magistrate.

4. Where a declaration in a suit, has been once passed on by this court, and determined good, it will not be again reviewed, when the case is brought up a second time; although a declaration, of similar character, in a different case might be adjudged defective.

This suit was instituted in Franklin Circuit court by Sugg, on certain forthcoming bonds, given by the plaintiffs in error, conditioned for the production of a slave, who had been levied on, on an appointed day of sale.

The defendants plead—

First—a former judgment in their favor, in the County court of Franklin, which judgment was then in full force, &c.; and,

Second—that the slave so levied on, had died before the commencement of this suit.

The court sustained a demurrer to these pleas; and the defendants failing to plead over, a writ of enquiry was awarded : on executing the enquiry of damages, the plaintiff offered in evidence the several executions, which had been levied on the slave;

[1] See Aikin's Digest, page 164.

which seemed to have been issued by a justice, in one county, and indorsed by one of a different county. The defendants insisted on proof of the signature of the issuing justice—which the court below ruled, not necessary : and judgment was awarded for the plaintiff.

All these matters were here assigned as cause for reversal.

*Ormond,* for plaintiff—*Hopkins, and P. Martin,* contra.

LIPSCOMB, C. J.—This was an action brought by the defendant in error, in the Circuit court of Franklin county, on nine bonds, given by the plaintiffs in error, in the penal sum of one hundred and ten dollars each, and to each of them, there was the following condition : " The condition of the above obligation is such, that whereas Ira Olive, a constable of the county and state aforesaid, has this day levied an execution on a negro man slave named Cassius, as the property of Richard Burgess, at the instance of William Sugg. Now, should the above Richard Burgess well and truly deliver the above property unto Ira Olive, a constable of the county and state aforesaid, on the first Monday in May next, in the town of Russellville, then and there to sell and make the said debt and costs; or the said Benjamin Burgess, and James Davis will do it for him, then the above obligation to be void, else to remain in full force."

The defendants moved the court to quash the bonds on which the action was founded. This motion was overruled. which is assigned for error ; but not insisted on in the argument.

The defendants then plead two pleas. The first, that a suit had been instituted on these identical bonds, in the County court of Franklin county, and such proceedings were had there, that a judgment was rendered in favor of the defendants for costs; and that the judgment so rendered, remains in full force, and not reversed, set aside, or annulled. And for further plea, the defendants plead, that the negro slave Cassius, on whom the said several executions had been levied, died before the commencement of this suit.

To these pleas, the plaintiff demurred, and the court sustained his demurrer; and on the defendants failing to plead over, judgment by default on *nil dicit*, was awarded, and an enquiry of damages executed.

It is contended, that the court below erred in sustaining the plaintiff's demurrer; that the plea of a former judgment was good in bar, and well plead; and a reference is made to *Chitty's Forms* in support of the plea.

The plea referred to in *Chitty*, is one of a former conviction: and the plea in this case is in conformity with it, except that it avers an acquittance, instead of a conviction. The case of *Pace* vs. *Dossey*,[a] is in point. It was there decided, that the plea of a former acquittal, must show that the acquittal was on the same point presented by the issue in the second suit; and this is the rule laid down in *Chitty*.

It seems to me there is sound reason in favor of a more rigid rule in the case of the plea of *au refois* acquit, than in that of *autrefois* convict. In the last, the record will always show with sufficient certainty, the grounds of the recovery, and therefore a simple reference to it in the plea, will be sufficient. But

[a] 1 Stewart 20.

in the first there are such a variety of grounds on which the plaintiff may fail, and consequently judgment be rendered for the defendant for his cost, that something more should be required than the fact, that the suit was for the same cause of action; it should show that merits had been tried—and that the judgment of acquittal was on the merits; or on an issue that brought the merits before the court. If this was not required, the defendant, where judgment had been rendered in his favor, for costs on a non-suit; or on a dismissal for failure on the part of the plaintiff to give security for cost, under our statute might plead the judgment in bar. The propriety of the rule laid down in *Pace* vs. *Dossey*, is therefore obvious.

The second plea was clearly bad; and the counsel for the plaintiff in error did not attempt to sustain it. We are not called on to say what the decision would be, if the property levied on had died or been destroyed by the act of God, so as to render a delivery impossible before the day specified in the forthcoming bond. The plea avers no such facts, but only that the slave levied on, died before the commencement of this suit. The right of action on the bond, refers to, and accrued at the time of the forfeiture; and if the death of the slave occurred subsequently thereto, it afforded no bar to the plaintiff's right of action, and was very correctly ruled to be bad, on demurrer.

It was, however, contended, that admitting both pleas to be bad, that the defendants should nevertheless have had judgment on the demurrer: that the whole case was open by the demurrer, and the declaration is alleged to be bad. If the declaration is bad,

the defendants would have been entitled to judgment, although their pleas were bad—under the rule, that on a general demurrer, the judgment shall be against the party who committed the first fault in pleading. But the sufficiency of this declaration has been adjudicated by this court, and can not be again drawn into discussion, or controverted. The declaration had been demurred to by these defendants, and their demurrer was sustained. On error brought into this court, judgment was reversed, the declaration being considered good, and the cause was remanded. This court having once passed on the sufficiency of tihs declaration, we will not now enquire, whether its judgment was then correct or not : that decision was final between the parties. If a similar declaration should be presented in another suit, it would be competent for us to say, whether we would adhere to the rule laid down in this case; and if the decision should then be found to be wrong, and clearly opposed to the established principles of law, it would be our duty to overrule it, and disregard its authority.

The case of *Lucas* vs. *Pope & Hickman*,[a] was relied on as a precedent for again enquiring into the correctness of the decision heretofore made on this declaration; but that case when examined will be found, not at all to support the position contended for by the plaintiffs in error. That case was three times before this court. On the first trial in the court below, several points were reserved by the defendants for revision—judgment haviug been rendered in favor of the plaintiff. On error brought, the judgment was reversed. This court in giving its opinion, went on to apply the law to the facts as presented by the

[a] Decided by this court.

346

record, and expressed the opinion, that from those facts, there never could be a recovery against the defendants, but remanded the cause. In the court below, the plaintiff obtained leave, and filed an amended declaration, calculated to let in other testimony, than the facts that had been in evidence on the former trial. The defendants plead the judgment of this court, in bar to a further enquiry into the facts of the case, and their plea was sustained by the court below, on demurrer. On error brought to this court, the plea was held to be bad. The court then disclaimed overruling any point that it had previously adjudged, when the parties were before it on the former writ of error, and held, that the plaintiff had a right to offer such evidence, under his declaration, as would entitle him to a recovery on the principles laid down by the court, on the reversal of his judgment. He certainly had a right to show, that although, on the facts presented on the first trial, he was not entitled to a recovery, and his judgment therefore erroneous, yet, that those were not all the facts of his case, and he could supply deficiencies, that appeared on the first trial. This is the every day practice; a judgment is reversed, on account of objections taken to the testimony, and the cause is remanded to give the party an opportunity of obviating the objection, if he is able to do so.

Another of the supposed errors grows out of the bill of exceptions taken on the execution of the writ of inquiry. It appears from the bill of exceptions, that the executions on which the levy had been made, and on which the forthcoming bonds were founded, had issued on the judgment of a justice of the peace in an adjoining county ; and had been indorsed by a justice of the

county where the levy was made, under the provisions of our statute. On the enquiry, damages awarded, on the defendants failing to plead over. After the demurrer to their pleas had been sustained, the plaintiff, for the purpose of shewing the amount of his debt, and the damages he was entitled to recover, offered these executions, and read them in evidence without proving the signature of the justice of the peace who issued them. The objection taken is, that the signature of the justice of the peace who issued the executions, ought to have been proven. There is none as to the signature of the justice who endorsed them; and we will therefore presume his signature was proven. It was not necessary to prove the signature of the issuing justice. The authenticity of the executions underwent a *quasi* adjudication, by the justice who indorsed them : it was this last act that gave life and energy to them; and this we presume was proven or admitted. The judgment by default was an admission of the right of recovery, to some extent : but under our statute, the plaintiff is restrained from recovering judgment for the amount of the penalty ; and he was therefore required to prove the amount actually due. The evidence offered was admissible for this purpose. We are therefore of the opinion that there is no error; and the judgment must be affirmed.