### SMITH vs. COMPTON.

An agreement for the submission of matters in difference to arbitration, followed by the arbitrators entering upon their duties—the arbitration being still pending and undetermined—constitutes no defense or legal obstacle, in abatement or in bar, to an action for the same matters, commenced after the making of the agreement.

Such an agreement is a mere authority, revocable by either party, at any time before the case is finally submitted to the arbitrators for decision, subject only to liability for damages.

A justice of the peace cannot be permitted to give parol evidence of what took place before him, *it seems*. But if his docket is afterwards given in evidence the error will be cured.

Parol evidence is inadmissible to contradict the docket of a justice.

A consent of the parties, in presence of the justice, that a cause shall be submitted to the justice conditionally, with a reservation to the plaintiff of liberty to withdraw the suit, is binding on the parties, and if entered by the justice in his docket, it forms a part thereof, and is no more subject to be contradicted than any other part of the docket.

APPEAL from a judgment entered upon the report of a referee. The plaintiff's complaint contained three counts. In the first count the plaintiff claimed to recover for goods, wares and merchandise, sold and delivered to the defendant, specifying the time, quality and value. In the second count, he claimed to recover for money paid, laid out and expended, specifying time and amount; and, in the third count he claimed to recover for two years' work, labor, and services performed, and goods, wares and merchandise sold, and money paid, to the amount of one thousand dollars, and claimed that the defendant was indebted in a balance of five hundred dollars. The defendant, in his answer, denied generally and specifically each and every allegation of the plaintiff's complaint. 2d. The answer set up a counter-claim against the plaintiff for goods, wares &c., and claimed that the plaintiff was indebted to the defendant in the sum of five hundred dollars. 3d. The answer set up a submission in writing to arbitration by the plaintiff and defendant; that the arbitrators entered upon the discharge of their duties, and that the same matters for which this action is brought were still pending and undetermined. 4th. The an-

Smith *v.* Compton.

swer also set up in bar of a recovery by the plaintiff, that before the commencement of this action the plaintiff impleaded the defendant in a justice's court before one Lyman S. Kendall; that the plaintiff proved and gave in evidence the same identical account for which this action is brought, and submitted the same to the justice, who rendered judgment in favor of the defendant. 5th. The answer also set up in bar the commencement of an action by the plaintiff against the defendant, in a justice's court, before one Lyman S. Kendall, to recover the value of a wagon sold by the plaintiff to the defendant, before the commencement of this action which, was the wagon specified in the complaint; that a trial was had, the same was submitted to the justice, and judgment rendered for the defendant. The plaintiff replied to the several matters contained in the answer, denying the same either specifically or generally.

On the trial before the referee the defendant produced a written submission to arbitration, executed by the plaintiff and defendant, before the commencement of this action, of all matters in controversy in this action. The plaintiff admitted the execution of the instrument.

The defendant offered in evidence the said written submission, and then to follow it up by showing that the said submission and matters were still pending and undetermined before the arbitrators. The plaintiff's counsel objected to the evidence, upon the ground that the defendant in his answer having set up matters in bar of the plaintiff's action had thereby waived all matters in abatement of said action, and the referee sustained the objection; the defendant's counsel excepted. The defendant's counsel then offered to prove the further fact, in addition to the above, that the arbitrators in the said submission named, in pursuance of the submission, entered upon the discharge of their duties, as such arbitrators, and that the said matter was still pending and undetermined. The plaintiff's counsel objected, upon the same grounds, and the referee sustained the objection; to which decision the defendant's counsel excepted. Lyman S. Kendall was then sworn, on the part of the defendant, and testified, "I was an acting justice of the

peace, in the town of Tyrone, in April, 1852. The plaintiff commenced an action against the defendant by summons on the 6th of April, 1852, returnable on the 16th of April. On the return of the summons the parties appeared and issue was joined. The plaintiff complained in writing for a wagon sold and delivered, a wagon taken and sold, and for the use of a wagon, and demanded judgment for $100. The defendant's answer, which was in writing, denied each and every allegation, and set up a counter-claim." The defendant's counsel then asked the witness what further took place before him on the trial. The plaintiff's counsel objected to the justice's giving parol testimony of what took place before him, upon the grounds that his docket was the highest evidence, and should be introduced, to prove what took place before the justice. The referee sustained the objection, and the defendant's counsel excepted. The defendant's counsel then read the justice's docket in evidence. Among other things, the docket contained the following entry: "May 1st. H. C. Vanduzer appeared for plaintiff, defendant appeared personally, and proceeded to try the cause. Witnesses sworn," &c. " By a stipulation of plaintiff's and defendant's counsel it was agreed that when plaintiff returned he should have the privilege of withdrawing the suit. May 3d. Plaintiff withdrew the suit and judgment was rendered against plaintiff for $1.97 costs." The defendant's counsel then offered to show, by the justice, that Smith, the plaintiff, came home on the same day of the trial and after the same was closed on Saturday, and that the justice informed him of the trial and stipulation, that he had a right to then withdraw the suit and called on him to know what he was going to do about it, and that Smith then declined to withdraw it. The plaintiff's counsel objected to the evidence, upon the ground that the justice could not give parol evidence to contradict his docket, and upon the further ground that the defendant's counsel, having introduced the docket in evidence, was concluded by it, and had no right to introduce evidence tending to impeach it, and the referee sustained the objection, and defendant's counsel excepted. The defendant's counsel then offered to prove by the justice that

Smith *v.* Compton.

on Monday in the forenoon the justice called on the plaintiff, Smith, again, to know whether he was going to withdraw the suit or what he was going to do, and that Smith then declined to withdraw it; that in the afternoon of the same day, Smith came to the office of the justice, and told the justice he would withdraw the suit, and the justice entered judgment as appeared in the docket. The plaintiff's counsel objected to the evidence, upon the same grounds, and the referee sustained the objection. Defendant's counsel excepted. The defendant then offered to show by the justice that after the witnesses were sworn the cause was abolutely and unconditionally submitted to the justice, on the first day of May, 1852. The plaintiff's counsel objected to the evidence, upon the same ground, and the referee sustained the objection, and the defendant's counsel excepted. The defendant's counsel then offered to show by the justice that the entry on the docket, in relation to the stipulation, was made by the justice by the directions of the plaintiff, and his counsel, after the third day of May. To which the plaintiff's counsel objected, and the referee sustained the objection and the defendant's counsel again excepted.

The referee found the following facts: The plaintiff was in the employment of the defendant as clerk, one year and eleven months, ending 31st March, 1851, and that his services were worth at the rate of $375 a year, amounting to the sum of $718.75. That between the 31st day of March, 1851, and the time of the commencement of this action, the defendant appropriated and converted to his own use, a two horse lumber wagon, the property of the plaintiff, without any express contract for the purchase thereof; that said wagon at the time of such conversion was worth the sum of $40, and as a conclusion of law thereupon, the referee found that the defendant became and was indebted to the plaintiff at the time of the commencement of this action and for the said wagon so sold and delivered to him, in the sum of $40, making the total amount of the plaintiff's account proved, $758.75. The defendant proved a book account against the plaintiff, amounting in all to the sum of $563.62, and leaving a balance due to the plaintiff of $195.13. The defendant

also proved that the plaintiff commenced an action against him before Lyman Kendall, Esq. a justice of the peace of the county of Steuben, sometime in April, 1852; that on the 16th of April aforesaid, the parties appeared by counsel, and the plaintiff put in his complaint in writing, in one count whereof he complained against the defendant for the conversion of a wagon, in another for the sale of a wagon, and in another for the use of a wagon, and claimed damages to the amount of $100. The defendant's answer denied the plaintiff's claim, and set up a counter-claim, and claimed damages to the amount of $100. The cause was thereupon adjourned by the consent of the parties to the first day of May then next, at the office of the said justice in Tyrone, at which time and place the plaintiff appeared by counsel, and the defendant in person, and proceeded to try said cause. That after the evidence was closed on both sides, the plaintiff being absent, by a stipulation between the plaintiff (by his counsel) and the defendant, it was agreed that when the plaintiff returned he should have the privilege of withdrawing said suit. That on the 3d day of May, 1852, the plaintiff withdrew the suit, and judgment was rendered against him for $1.97 costs. The referee also found as fact, and as a conclusion of law from the preceding facts, that the said cause was not "finally submitted" to the said justice to be decided by him on the merits. And he found as further conclusion of law, that the judgment so rendered by the said justice was not a bar to the plaintiff's claim in this action, nor any part thereof, and that the plaintiff was entitled to judgment against the defendant for $195.13, besides costs.

*D. J. Sunderlin*, for the appellant.

*Seely & Wolcott*, for the respondent.

*By the Court*, T. R. STRONG, J. An agreement of submission of matters in difference to arbitrators, followed by the arbitrators entering upon their duties—the arbitration being still pending and undetermined—constitutes no defense, or legal ob-

stacle, in abatement or in bar, to an action for the same matters, commenced after the making of the agreement. Such an agreement is a mere authority, revocable by either party, at any time before the case is finally submitted to the arbitrators for decision, subject only to liability for damages. It is not a bar to a subsequent action, because it does not determine the right of action before an award is made, and no sufficient reason is perceived why it should preclude an action by operating in abatement of it. A former action for the same cause is, in general, a ground of abatement. The reason given in *Gould's Pleading*, (*ch.* 5, § 122, *p.* 283,) is, that "the law, which abhors a multiplicity of suits, will not permit a defendant to be harassed by two or more actions for the same thing, where a complete remedy might be obtained by one of them. The object of the rule is to prevent vexation." This reason has but little if any force, in reference to a pending submission to arbitration. The agreement of submission, as has already been observed, is a mere revocable authority; the plaintiff in the action can have no security that his adversary will not revoke it; and if the arbitration should proceed to an award, there is no mode, in the case of a common law arbitration, of enforcing the award but by action, when for the payment of money. This is very far short of the complete remedy obtainable by an action founded upon the original cause of action. Besides, very little vexation comparatively, can be accomplished by the submission; not sufficient to require that protection should be afforded by making it pleadable in abatement. But there is another reason why a submission to arbitration is not available in bar or abatement of a subsequent action for the same cause embraced in the submission. The principle is well settled, that a specific performance of an agreement to refer a subject of controversy, will not be enforced by the courts, on the ground that it is against public policy thereby to exclude parties from a resort to the proper judicial tribunals. (*Story's Eq. Juris.* § 1457, *and cases there cited. Haggart* v. *Morgan,* 1 *Selden,* 422.) Upon the same principle, when an arbitration has been entered into which is still pending—the case not having been submitted for final de-

---

Smith *v.* Compton.

---

cision—it will not be allowed to affect the right of either party to seek and pursue a remedy for the same matter in a court of justice.

The doctrine that the submission of a pending action operates as a discontinuance, has nothing to do with the question considered. The ground of discontinuance in such a case is, that by the submission the parties voluntarily provide another mode for the trial than that prescribed by law in the action, and thereby substantially agree to, and do, withdraw the cause from the court; to which agreement there can be no valid legal objection.

The decision, excluding parol proof by the justice of what took place before him, if erroneous, did no harm, as his docket was immediately given in evidence; but I am inclined to think it was correct. (*Boomer* v. *Laine*, 10 *Wend.* 525. *Brotherton* v. *Wright*, 15 *id.* 237. *Heermans* v. *Williams*, 11 *id.* 636.)

The evidence offered, in contradiction of the docket of the justice, was, I think, properly rejected. The substance of the entry in relation to the stipulation was, that by consent of the parties the cause was submitted conditionally, with a reservation to the plaintiff of liberty to withdraw the suit, which consent was, in my opinion, binding on the parties, and properly formed a part of the docket. (2 *R. S.* 269, § 244.) It was no more subject to be contradicted than any other part of the docket. (*Hard* v. *Shipman*, 6 *Barb.* 621. *Brintnall* v. *Foster*, 7 *Wend.* 103. *McLean* v. *Hugarin*, 13 *John.* 184.)

Proof of an award was not admissible under the pleadings. It is not alleged in the answer that an award had been made; on the contrary it is averred that the submission is pending and undetermined.

This disposes of all the points made on the argument before us, and the judgment on the report of the referee must be affirmed.

[CAYUGA GENERAL TERM, June 4, 1855. *Selden, Johnson* and *T. R. Strong,* Justices.]