## MITCHELL v. JOHNSON ET AL.

MORTGAGE.—*Foreclosure.*—*Supreme Court.*—In an action to foreclose a mortgage on real estate, and on a promissory note secured thereby, executed by the mortgagor, brought against the mortgagor and one claiming unencumbered title to a portion of the mortgaged premises, there was a decree in favor of the latter as to such portion, and in favor of the plaintiff as to the residue, and on the note. There being no evidence of insolvency of the mortgagor, or that the land embraced in the decree of foreclosure was insufficient to satisfy the mortgage, and the decree being right as between the defendants,—

*Held*, on appeal to the Supreme Court, that the record shows nothing of which the plaintiff can complain.

From the Lawrence Circuit Court.

*F. Wilson* and *M. T. Dunn*, for appellant.

BIDDLE, C. J.—Jesse A. Mitchell brought this suit against Isaac Johnson, on a note and mortgage, and recovered judgment on the note, and a decree of foreclosure of the mortgage.

There is no controversy in the case between Mitchell and Isaac Johnson; but Jesse Johnson was admitted a party defendant to the action, claiming eighty acres of the land included in the mortgage, and recovered a decree, vesting the title to the eighty acres in himself, as against both Mitchell and Isaac Johnson.

Of this part of the judgment the appellant complains. There is no doubt of the correctness of the decree as between the two Johnsons; but Mitchell insists, that Isaac had been in the continuous, uninterrupted, adverse posses-

sion of the eighty acres of land during more than twenty years before he made the mortgage, including with it other lands, and, therefore, that the eighty acres should also be subject to the mortgage. Admitting this to be true, it does not appear by the record that Mitchell has been injured thereby.

The evidence is all before us, and it nowhere shows the value of the remaining portion of the land, exclusive of the eighty acres. It may be, for any thing we can know from the record, that the remaining part of the land, exclusive of the eighty acres, is sufficient to pay the judgment. If so, then the decree is right, even though the eighty acres were subject to the mortgage; because the equities between the Johnsons were to be respected, provided they could be protected without injury to Mitchell. Nor does it appear in the evidence but that Isaac Johnson is solvent, and able to pay the judgment, according to its terms, even though the remaining portion of the land, exclusive of the eighty acres, should be insufficient.

We cannot reverse a judgment for intermediate errors, where, upon the whole record, it appears that the complaining party has not been injured.

The judgment is affirmed, at the costs of the appellee.