Filed Jan. 9, 1885.

───────◆───────

No. 11,428.

FOSTER *v.* BRINGHAM ET AL.

PARTIES.—*Suit on Replevin Bond.*—*Waiver.*—Where a replevin bond is executed to a sheriff and execution plaintiff jointly, and an action thereon is subsequently brought by the execution plaintiff alone, the defect of plaintiffs will be waived by the failure of defendants to demur therefor.

EXECUTION.—*Sale of Mortgaged Chattels.*—*Possession.*—Under the statute mortgaged chattels may be levied upon and sold, subject to the mortgage, to satisfy an execution against the mortgagor. The officer is entitled to possession of such chattels, as against the mortgagee, for the purpose of making the sale.

ASSIGNMENT OF ERROR.—Assignments of error, such as "rendering judgment for the defendant on the finding," and "not rendering judgment for the plaintiff for the full value of the corn replevied," are too general to present any question; and, besides, such objections can not be made for the first time in the Supreme Court.

99 505
125 485
99 505
146 579

REPLEVIN.—*Judgment.*—Where there is no judgment for the return of the property replevied, there can be no judgment for its value.

SUPREME COURT.—*Harmless Error.*—Where the facts are specially found by the trial court, and no objection is made to the finding, and it appears that, upon the facts so found, the judgment is clearly right, such judgment will not be reversed for intermediate errors.

From the Superior Court of Tippecanoe County.

*G. J. Eacock, G. O. Behm* and *A. O. Behm*, for appellant.
*J. R. Coffroth* and *T. A. Stuart*, for appellees.

BICKNELL, C. C.—Moore mortgaged corn to Bringham to secure the payment of $700 and interest. The mortgage provided that the mortgagor should retain possession until default in payment, and that, if at any time before the day of payment, the mortgagee should " feel unsafe or insecure," he might take the corn and sell it to satisfy the debt. Before the day of payment, Foster issued an execution on a judgment he held against Moore, the mortgagor, and the corn, yet in Moore's possession, was taken under said execution by the sheriff.

The mortgagee brought replevin for the corn against the sheriff and Foster, and gave them an undertaking pursuant to the statute. The coroner took the corn from the sheriff and delivered it to the mortgagee, who thereupon dismissed his replevin suit. Upon that dismissal there was no judgment for a return of the corn.

Foster then brought the present action against Bringham and Murdock, the principal and surety in the undertaking in replevin.

It was held in *Walls* v. *Johnson*, 16 Ind. 374, where the undertaking was given to the sheriff alone, that in an action thereon the plaintiff in the execution was properly joined with the sheriff as plaintiff in the suit on the undertaking, although not named in the undertaking.

Here the undertaking was given to the plaintiff in the execution and to the sheriff jointly, and the sheriff is not made a co-plaintiff in the suit thereon. If there is any defect of

plaintiffs, it is waived by the failure of the defendants to demur therefor.   R. S. 1881, sections 339, 343.

The complaint states as a breach of the undertaking the failure to prosecute the replevin suit with effect and without delay, and it seeks to include in the damages the value of the corn.   There are three conditions in the undertaking, viz.:

1. To prosecute the replevin suit with effect and without delay.

2. To return the property upon a judgment for such return.

3. To pay the amount recovered by the defendants in the replevin suit.

The complaint alleges a breach of the first only of these conditions.   Mortgaged chattels may be levied upon and sold, subject to the mortgage, to satisfy an execution against the mortgagor.   R. S. 1881, section 722.   The officer holding such an execution is entitled to possession of the mortgaged chattels as against the mortgagee, for the purpose of making such sale.   R. S. 1881, section 751; *Sparks* v. *Compton,* 70 Ind. 393; *Olds* v. *Andrews,* 66 Ind. 147.

The defendant Bringham, the principal in the undertaking, answered in two paragraphs, to wit:

1. The general denial.

2. A special defence, alleging the execution of the mortgage as aforesaid, that the mortgage debt was due and unpaid, and that the mortgaged property was never of sufficient value to pay the mortgage debt.   This defence was pleaded as to all except nominal damages.

The defendant Murdock, the surety in the undertaking, answered in two paragraphs, to wit:

1. The general denial.

2. A special defence, alleging that the costs in the replevin suit were all paid by Bringham before the commencement of this suit.   This defence was pleaded as to so much only of the complaint as sought to recover damages for the costs incurred in said replevin suit.

Murdock also filed a cross complaint against his codefend-

ant Bringham, praying that his rights as surety might be protected in the judgment. A demurrer to the second paragraph of Bringham's answer was overruled. The plaintiff excepted and replied in denial of said second paragraph. There was neither demurrer nor reply to the second paragraph of Murdock's answer, and there was no answer to his cross complaint.

The court, at the request of the plaintiff, found the facts specially and stated conclusions of law thereon. The facts were found as hereinbefore stated, and the court also found that said Bringham had paid $17.30 of the costs of his said replevin suit, and that $3.80 of such costs remained unpaid. The court also found that the value of the corn was only $394.06, the mortgage debt being $700 and interest. The court stated as conclusions of law, that the undertaking was forfeited by reason of the failure of the defendant Bringham to prosecute his replevin suit with effect and without delay, and that the only damages to be recovered by the plaintiff in the present suit had accrued by reason of the failure of said Bringham to pay said sum of $3.80, part of the costs aforesaid. The plaintiff excepted to the conclusions of law. There was a finding and judgment for the plaintiff for $3.80, and he appealed.

There was no motion for a new trial. The record shows no objection made below to the judgment, and no motion to modify or correct it. And there is no error assigned upon the conclusions of law. The only errors assigned are:

1. Overruling the demurrer to the second paragraph of Bringham's answer.

2. Rendering judgment for the defendant on the finding.

3. Not rendering judgment for the plaintiff for the full value of the corn replevied.

The second and third specifications are too general to present any question. *McFarland* v. *McFarland,* 40 Ind. 458. *Whitney* v. *Lehmer,* 26 Ind. 503. And such objections can not be made for the first time in this court. *Kissell* v. *Anderson,* 73 Ind. 485; *Teal* v. *Spangler,* 72 Ind. 380; *Clayton* v. *Blough,* 93 Ind. 85.

As to the second specification, it is unavailable, because, in fact, there was no judgment rendered for the defendant; the judgment was for the plaintiff. And the third specification can not be sustained, because there can be no judgment for the value of the property in a suit like this, where there was no judgment for a return. *Thomas* v. *Irwin,* 90 Ind. 557. As to the first specification of error, to wit, overruling the demurrer to the second paragraph of Bringham's answer, the judgment could not be reversed, even if that demurrer ought to have been sustained. No objection was made to the special finding of the facts. Upon those facts the judgment was clearly right, and it could not be reversed for intermediate errors. *Whitworth* v. *Ballard,* 56 Ind. 279 ; *Mitchell* v. *Johnson,* 60 Ind. 25 ; *McComas* v. *Haas,* 93 Ind. 276. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Jan. 9, 1885.