Filed March 12, 1889.

No. 13,484.

### BUTT *v.* BUTT ET AL.

SUPREME COURT.—*Assignment of Errors.—Brief.— Waiver.*—Errors assigned by the appellant, but not discussed in the brief of his counsel, are waived.

SAME.—*Intermediate Errors.— When not Available for Reversal.*—Where the judgment is clearly right on the facts found, it will not be reversed on account of intermediate errors.

From the Cass Circuit Court.

*S. T. McConnell* and *D. B. McConnell,* for appellant.

*J. Mitchell, N. O. Ross* and *J. L. Farrar,* for appellees.

COFFEY, J.—This cause was reversed by this court when here before on account of the error of the circuit court in sustaining a demurrer to the complaint. *Butt* v. *Butt,* 91 Ind. 305.

As will be seen by a reference to the complaint, as set out in that case, the appellant seeks to redeem the land in controversy by virtue of an agreement alleged to have been made between him and appellee William Butt to extend the time for redemption from a sheriff's sale. The land had been sold on a decree of foreclosure and bid in by one Hanley, who as-

signed the certificate of purchase to Elbert H. Shirk, who afterwards, and before the expiration of the year for redemption, assigned the same to the appellee William Butt. The appellant alleges that, by the terms of the agreement between him and said appellee, he was to have six years in which to redeem, and that, relying on said agreement, he did not redeem within the year, as he otherwise would have done, and that after the expiration of the year the appellee William Butt took a sheriff's deed on said certificate, ousted the appellant from the land, refused to allow him to redeem, and denied his right so to do.

After the return of the cause to the court below the appellee William Butt filed an answer in several paragraphs, the first of which was a general denial, and the others special pleas by way of confession and avoidance. He also filed a cross-complaint in several paragraphs. Demurrers were filed to these affirmative answers, and also to the several paragraphs of the cross-complaint, which were overruled by the court and an exception reserved.

One Barnett was made a party defendant to the action by the permission and order of the court, and he also filed a cross-complaint, to which the appellant filed a demurrer, which was overruled, and he excepted.

The appellant then filed replies to the several answers and answers to the several cross-complaints, and the cause, being at issue, was tried by the court without the intervention of a jury. At the request of the parties the court made a special finding of the facts in the cause, with its conclusions of law thereon, and rendered judgment against the appellant for costs.

The appellant assigns for error in this court: That the court erred in overruling the demurrer of appellant to the fourth, fifth and sixth paragraphs of the answer of William Butt to the complaint; that the court erred in overruling the demurrer of the appellant to the cross-complaint of William Butt; that the court erred in overruling the demurrer of

Butt *v.* Butt *et al.*

appellant to the cross-complaint of Andrew J. Barnett; and that the court erred in its conclusions of law on the special finding of facts.

As the last error assigned is not discussed in the brief of counsel for the appellant, under the rules of this court it is waived.

The appellant, in his brief, discusses the other errors at some length, but he makes no objection to the special finding of the facts.

The special finding of facts shows that the agreement for the extension of the time for redemption from the sheriff's sale set up in the complaint did not exist.

As the answers to which demurrers were overruled are special answers by way of confession and avoidance, it is wholly immaterial as to whether the court erred or not in its rulings. Where the judgment is clearly right on the facts, it will not be reversed on intermediate errors. *Foster* v. *Bringham,* 99 Ind. 505 ; *Whitworth* v. *Ballard,* 56 Ind. 279 ; *Mitchell* v. *Johnson,* 60 Ind. 25 ; *McComas* v. *Haas,* 93 Ind. 276 ; *Fell* v. *Muller,* 78 Ind. 507 ; *Mason* v. *Mason,* 102 Ind. 38 ; *Trammel* v. *Chipman,* 74 Ind. 474 ; *Bloomfield R. R. Co.* v. *Van Slike,* 107 Ind. 480.

On the facts found by the circuit court the judgment is clearly right. There is no error in the record for which the judgment of the circuit court should be reversed.

Judgment affirmed.

Filed March 14, 1889.