# CHARLESTON.

Riley *v.* Jarvis *et al.*

(Dent, Judge, *not sitting.*)

Submitted June 18, 1895—Decided December 19, 1896.

| | |
|---|---|
| 43 | 43 |
| 44 | 206 |
| 43 | 43 |
| 51 | 149 |
| 51 | 499 |
| 43 | 43 |
| 54 | 702 |
| 43 | 43 |
| c55 | 470 |
| 43 | 43 |
| 57 | 350 |
| 43 | 43 |
| 58 | 480 |
| 43 | 43 |
| f63 | 25 |
| f63 | 262 |
| f63 | 266 |
| 43 | 43 |
| 66 | 487 |

1. Suretyship—*Joint Principals.*

   Where two persons sign an obligation for the payment of money, and it is expressed in it that one signs as surety, and he annexes to his signature the word "surety," still both are bound jointly. (p. 45.)

2. Pleading—*Declaration—Suretyship.*

   In such case the declaration need not notice the suretyship, because immaterial. (p. 45.)

3. Pleading—*Evidence—Variance.*

   *Allegata* and *probata* must correspond. Where there is no count in a declaration on the cause of action shown by the evidence, it is a variance, and there can be no recovery. (p. 46.)

4. Pleading—*Bill of Particulars—Declaration.*

   A bill of particulars filed with a declaration in an action of *assumpsit*, under section 11, chapter 125, Code, is no part of the declaration, and there can be no plea to it. (p. 47.)

5. Pleading—*Declaration—Bill of Particulars.*

   If there be no count in the declaration based on the claim specified in such bill of particulars, the items it contains cannot be proven, and no recovery can be had therefor. (p. 47.)

6. Pleading—*Res Judicata—Judgment.*

   A plea of *res judicata* must show that the former judgment was on the merits. (p. 47.)

7. Arbitration—*Order of Submission—Justice's Court.*

   Where an order is made by consent in a justice's court, submitting the matter in controversy to arbitration, the submission is not revocable, except by order of the justice, under the statute, and that submission is a bar to a second suit for the same cause. (p. 47.)

8. PLEADING—*Pleas in Abatement—Pleas in Bar.*

 A plea of such submission to arbitration, filed in a subsequent action in a circuit court on the same cause of action, must be in abatement, not in bar, and comes too late after pleas in bar have been filed. (p. 49.)

9. PLEADING—*Declaration—Trial Judgment—Writ of Error.*

 Where there is more than one count in a declaration, and a demurrer is sustained and judgment for defendant as to some of them, and overruled as to others, the judgment upon the counts held bad is not such final judgment as to give a writ of error until the case ends as to the remaining counts. (p. 53.)

Error to Circuit Court Taylor county.

*Assumpsit* by Oscar F. Riley against Claude S. Jarvis and another. There was a judgment for plaintiff, and defendants bring error.

*Reversed.*

J. T. McGRAW and J. W. MASON for plaintiff in error.

W. R. D. DENT for defendant in error.

BRANNON, JUDGE:

Oscar F. Riley brought *assumpsit* in the Taylor county Circuit Court, and, judgment having been rendered against the defendants, Claude S. Jarvis and Granville E. Jarvis, they bring the case here.

The defendants demurred to the declaration and each count, and the court sustained the demurrer and gave judgment upon such demurrer upon all the counts except the first, and overruled it as to that count. The first count is the ordinary *indebitatus assumpsit* for goods, wares, and merchandise sold and delivered. The second is a special count, alleging that defendants and plaintiff made a written contract whereby Claude S. Jarvis agreed to pay individually, out of his own funds, to plaintiff, ten dollars per month, so long as they should continue in business together, or so long as the plaintiff should run the business in a business like and profitable manner, as part consideration for his time and labor about the business; that Granville E. Jarvis executed the writing and bound himself equally with Claude S. Jarvis, as security for him; and that the plaintiff, under the writing, carried on the

business for a certain specified time, for which the defendants became bound to pay him one hundred and twenty dollars, but they refused and failed to do so, *etc.* The third count was *indebitatus assumpsit*, containing a clause for goods and chattels sold, horses sold, work done, and material therefor provided, and other common clauses.

Appellants' counsel contends that there is a misjoinder of counts, and this on the idea that the liability stated in the second count is against Granville E. Jarvis only as surety, while other counts charge both Claude S. and Granville E. Jarvis with joint liability. I think there is nothing in this contention. Where two parties, by written obligation, bind themselves to pay another a given sum, though one sign with the word "surety" annexed to his name, or it be stated in the writing that he is surety, or binds himself as surety, both are equally bound as principals, so far as it concerns the creditor's right, as they both promise to pay him. It is a mere memorandum to evidence the fact that the one is surety as between the parties bound. *Hunt* v. *Adams*, 5 Mass. 358; Id., 6 Mass. 519; *Humphreys* v. *Crane*, 5 Cal. 173; opinion. *Harris* v. *Brooks*, 21 Pick. 195; *Wilson* v. *Campbell*, 1 Scam. 493. Where the surety does not sign the note, but puts a memorandum at its foot that he binds himself as surety for payment of the note, it is the same. The obligation is joint and several. *Hunt* v. *Adams*, 5 Mass. 358; *Wilson* v. *Campbell*, 1 Scam. 463. I do not think the declaration need have noticed the suretyship feature, as its omission would have been no variance, because immaterial; and, being in the declaration, it does not have any effect, the count charging a joint liability notwithstanding its presence.

The defendants moved the court to strike out the plaintiff's evidence, but the motion was refused. The only evidence the plaintiff offered was the written contract, and of service under it by the plaintiff. That evidence could not sustain the action, because it presented a case of variance between *allegata* and *probata*, as the only count of the declaration remaining after action on the demurrer was that one for goods sold and delivered, the first count, and thus there was no count to justify evidence of service performed, and the plaintiff's evidence should

have been stricken out. The case was tried, likely, under a misconception that it was the second or special count, for service under the written agreement, that was left standing after the court's action on the demurrer; whereas, it is said, and is likely, by mistake in making up the record, it was the first count only that was left. We must go by the record. We have no knowledge of fact by which to correct it, and no power to correct it. The account filed with the declaration specifies, as the ground of the plaintiff's claim, service performed under the contract; but when the court, upon demurrer, struck out all of the declaration under which that account was provable, the account went out with the count to which it related, or became unprovable under the count remaining. The account is no part of the declaration. You cannot plead to it. There must be a count in the declaration for it to rest upon,—one suiting its nature under which it may be proved. So that specification of account cannot shelter this evidence. It is said, in brief of counsel, that the defendants offered evidence in defence, and that this would justify the action of the court in refusing to strike out the plaintiff's evidence. The record contains not a scintilla of any evidence given by defendants. Whatever the fact may have been on the trial, we know only the record. Moreover, had there been such evidence, it would not sustain the court's action; for, while it is true that a motion to exclude the plaintiff's evidence must be made before the defendant offers any, I suppose the case is different where it is one of total variance between *allegata* and *probata*, as there is no count at all to rest the evidence on. Though you have ever so strong a case for recovery under the evidence, you cannot recover without a declaration to admit that evidence.

Again, it is said that the defendants waived their demurrer as to the second count on the theory that they pleaded to it. The court gave final judgment upon the demurrer in favor of the defendants on that second count, and how even a plea to that specific count at a subsequent term could bring back that count to the declaration I cannot see, or how they could waive their demurrer. But there was no plea to that second count specifically. The plea of payment relied on as such waiver was made at a term after

that at which the court acted on the demurrer, and that plea, so far from being applicable to the second count, was applicable only to the declaration as it then stood—that is, to the first count.

It is argued that the plea of payment is to the account filed as a specification of the plaintiff's claim, and that is for service, thus treating the demand specified in it as before the court. (1) The plea is in terms to the debt demanded in the declaration. (2) There can be no plea to a bill of particulars. *Abell* v. *Insurance Co.*, 18 W. Va. 400. (3) There could be no such account without a count to support it. But it is said that, even if the second count be treated as out of the case, the plaintiff should have recovered under the first count for goods sold and delivered, as there was no other plea than payment, which acknowledges the plaintiff's demand. This position loses its force when we see that the plea of *non-assumpsit* to the whole declaration was put in at the same time the demurrer was entered.

Appellants complain of the rejection of two pleas. One was a plea of *res judicata*, based on a judgment of a justice for some cause in favor of defendants. It is faulty, because it does not in any way show that the dismissal of the suit before the justice was on the merits, so as to be a bar to a second suit; for, if it was a nonsuit or any other of many causes not precluding another suit, it would not bar. 1 Bart. Law Prac. 534, 535; 7 Rob. Prac. 221; 1 Greenl. Ev. § 530; *Burgess* v. *Sug*, 2 Stew. & P. 341. A plea should aver that the decision was on the merits, or it should at least appear by the record vouched. This plea does not vouch the record of the judgment or so aver.

The other rejected plea is that, in another action for the same cause before a justice, there was a submission to arbitration yet pending. The plea is bad, as not stating and describing formally the action in which the submission took place. It wants legal certainty on that point. Does it present good cause for abating this action—that is, does the submission to arbitration bar another action for the same cause? It seems well settled at common-law that a mere agreement to submit to arbitration will not preclude a new suit. Refusal to comply with it is only a ground of action for damages. *Corbin* v. *Adams*, 76 Va. 58; Morse,

Arb. 79; *Smith* v. *Compton*, 20 Barb. 262; *Tobey* v. *County of Bristol*, 3 Story, 800, (Fed. Cas. No. 14,065); *Knaus* v. *Jenkins*, 40 N. J. Law, 288; 1 Bart. Law Prac. 581, note; note in *Nettleton* v. *Gridley*, 56 Am. Dec. 383; *Haggart* v. *Morgan*, 55 Am. Dec. 350, 354. The agreement is revocable until actual award; but then it is not, and the award may be pleaded in bar of another action. *Martin* v. *Rexroad*, 15 W. Va. 512; Morse, Arb. 90; *Corbin* v. *Adams*, 76 Va. 58. Until the award the agreement is revocable, as will appear from authorities above, and cases cited as to its revocability in *Nettleton* v. *Gridley*, 56 Am. Dec. 383. And when the agreement has been made a rule of court, it is no longer revocable. *Leonard* v. *House*, 15 Ga. 473; *Brickhouse* v. *Hunter*, 4 Hen. & M. 363; *Haskell* v. *Whitney*, 12 Mass. 47; *Frets* v. *Frets*, 1 Cow, 335; note to *Nettleton* v *Gridley*, 56 Am. Dec. 383. While the rule at common-law is that an agreement to arbitrate will be revocable before award, and will not bar another action for the same cause, how is it under our statute? It is different. The very purpose of our statute provisions on the subject was to render arbitration more effective than it had been. The reason why the agreement was revocable under common-law was, not that arbitration was not favored by it as tending to end litigation, and not for want of consideration, as the ending of litigation was strong consideration, but because of that principle of law that parties could not, by agreement, oust the courts of the jurisdiction assigned them by law, and could not debar themselves from appealing to the law and tribunals of the land; but our legislation has legitimated such agreements, and thus the reason of the old principle has been abrogated.

Our Code (chapter 108) provides that, whether a suit is pending about a controversy or not, parties may submit it to arbitration, and agree that such submission be entered of record in any court, and, on proof of such agreement out of court, or by agreement in court, the submission shall be entered in court, and a rule made on the parties that they shall submit to the award under it, and that such mere submission, either entered or agreed to be entered, shall not be revocable without leave of court. This is at once seen to go further than common-law, since by it not until award was the submission irrevocable, but

under statute the submission by agreement in court, or by agreement out of court that it be entered in court, is not revocable. Under it, do you let the party ignore the submission and bring a new suit? If so, where is the sense of making the submission not revocable? This Court, under this statute, has held that an agreement to arbitrate, providing that the award shall be entered as the judgment of the court, cannot be revoked without leave of court. *Stiringer* v. *Toy*, 33 W. Va. 86, (10 S. E. 26). The justice's law (Code, c. 50, s. 92) provides, as I understand it, that, in a pending action, the parties may by agreement submit to arbitrament, and section 93 provides for judgment on the award. Now, when such submission is made by order in the case, it is not revocable for two reasons: (1) Because section 96 says that, if no award be returned in fourteen days, the justice may set it aside, but not without notice to the other party, thus giving him right to contest, and showing that it cannot be revoked at the mere pleasure of one party; and (2) because, when the submission is entered in the docket, *it is* a recognition by the court of the arbitration, and is in itself a rule, or equivalent to a rule, upon the parties to submit to the coming award, which, we have seen, renders the submission at common-law even irrevocable. Their agreement implies a consent that the submission shall be made a rule of court. The rule is idle form. Morse, Arb. 80.

But how, in a second suit, is the submission in the first to be availed of? Not by a plea in bar, for the mere submission does not, like an award, pass on the merits. You can plead an award in bar, but not a mere submission, or a pending arbitration. You must use a plea in abatement, as the fact the plea sets up does not bar the cause of action, but only abates the second suit. It is the same as the plea of another suit pending for the same cause, which must be a plea in abatement. 1 Bart. Law Prac. 290; *Robrecht* v. *Marling's Adm'r* 29 W. Va. 765, (2 S. E. 827); Morse, Arb. 79. The plea in this case was tendered after a plea of *non-assumpsit*, and came too late, and was for that reason rightly rejected.

Judgment reversed, verdict set aside, new trial granted, and remanded.

## ON REHEARING.

BRANNON, JUDGE:

The court?s action on the demurrer, struck from the declaration every bit of its matter which could warrant the admission of the evidence on which alone the verdict can rest. A case was proven utterly without any pleading, in violation of the rule universally accepted, that there must be both *allegata* and *probata*, and there can not be judgment on one of them alone. A party cannot be summoned into court to answer one cause of action, and then be surprised by having a totally different one proven against him. That is just what was done in this case. At one term the court eliminated from the declaration all of it which would admit evidence of services rendered by the plaintiff, retaining the count only for goods sold, thus saying to the defendants that they would not be called upon to meet a demand based on such services, but only a demand based on goods sold. At a later term, without asking the court to reconsider its action on the demurrers, and restore the count based on such services, the plaintiff proved a case based on services rendered under written contract declared on in a rejected count, without any notice to the defendants that they would prove such a case. That is the plainness of this case. It would seem manifest that a legal surprise was inflicted on the defendants by the proof of a case which they were not called on by the pleadings to answer, and that such surprise can only be redressed by a new trial under altered pleadings.

But let me advert to some views earnestly urged upon us as an antidote to this palpable error. It is said that the court erred in sustaining the demurrer, and thus excluding the special count, and that, in admitting evidence under it of services for fixed compensation under the written contract, the court corrected that error, and reached in the end a right judgment,—the same it would have reached had it not committed that error; in other words, it could have reconsidered and overruled the demurrer, and restored the count in question by actual order, and it has in effect done so. This would be to let the plaintiff prove his case without a bottom to rest on, and afterwards insert a

bottom to sustain it. If here there were no legal harm done to the other side we could listen to the argument; but there was surprise upon the other side of the case, working prejudice to it, because a case not presented by the declaration is sprung upon the defense for the first time after the jury is sworn. It is, in this particular instance, more a surprise, if possible, than if the declaration had never contained this count, from the consideration that the court expressly expunged it, thus assuring the defendants that they would not be expected to meet the case made by that count. Suppose a plea is stricken out or rejected improperly; does the fact that it was improper to so rule warrant the defendant in proving a case under it, and save his judgment from reversal?

We are cited to *Butt* v. *Butt*, 118 Ind. 31 (20 N. E. 538) saying: "Where the judgment is clearly right on the facts found, it will not be reversed on account of intermediate errors." That is so where the error is harmless; but will that general statement be used to atone for every error? Will it be allowed to sustain a judgment based on proof without a declaration? Is that error harmless to the defendant? Simply because we are able to say that the evidence of the plaintiff alone shows ground for the judgment, are we to sustain it, when we know there was no allegation to warrant that evidence, and the defendant's case was not shown, because, he being assured by the court that such case would not be proven against him and he need not bring evidence to repel it, he did not prepare to repel it? How can we say the judgment is right, under such circumstances, even under the rule as expressed in the Indiana case, which is only the rule of harmless error everywhere prevailing?

We are cited to Elliott, App. Proc. § 590, saying that, "if the ultimate ruling is clearly right, intermediate mistakes are not of controlling importance; if that ruling is right, there is no error." But the section does not stop there, but goes right on, saying: "A mere mistake or irregularity cannot be regarded as error where it is substantially rectified by subsequent and controlling rulings." Now, under this clause, I ask, where was this error of admitting proof of a case not alleged corrected? Nowhere, for the court, on the contrary, rendered final judgment on

that proof. But the section continues, and says: "But, if the mistake is carried forward, and so warps the course and rulings of the court as to operate to the substantial injury of the party complaining, there is error, within the meaning of the law." That "mistake or irregularity" was carried into final judgment.

An extract from Steph. Pl. 204, is given us, that "judgment will, in general, follow success in the issue. It is, however, a principle necessary to be understood, in order to have a right apprehension of the nature of writs of error, that the judges are, in contemplation of law, bound to examine the whole record, and adjudge either for plaintiff or defendant, as it may on the whole appear, notwithstanding, or without regard to, the issue in law or fact that may have been raised or decided between the parties." But Stephen goes on, and says: "Therefore, whenever, upon examination of the whole record, right appears, on the whole, not to have been done, and judgment appears to have been given for one of the parties, when it should have been given for the other, this will be error in law." I think this relates to pleadings, not evidence; but it is sought to be applied here to sustain the judgment, whereas, if applied, I think it reverses it. And why? When the circuit court came to enter judgment on the verdict, if it had looked back on the whole record, it would have seen that that verdict stood on evidence without pleading to admit it, and so it could not give judgment for the plaintiff, but ought either to give judgment for defendants *non obstante veredicto*, because no case was proven against defendants on the pleadings, or award a new trial, to let the plaintiff restore his count to receive that evidence, or prove a case under the first count. I think the proper course would have been to set aside the verdict, rather than give final judgment for defendants.

We are cited to *Stolle* v. *Insurance Co.*, 10 W. Va. 546, holding that, where a declaration and each count was demurred to, and the demurrer overruled, whereas it ought to have been sustained to the first and overruled as to the second, but merely because the second was poorly drawn, and the facts sustained the second as well as the first, and judgment was rendered for the plaintiff, this Court affirmed it. Certainly. There was error in refusing to strike out one count; but there was a good count

under which the evidence was receivable, and that made the verdict good, notwithstanding the error in refusing to reject the bad count. It was harmless error, because, if that count had been rejected, there would remain the good one to warrant the evidence and verdict, and it proved the same case made in the other. Very different is this case, where there was left nothing in the declaration to admit the evidence on which the verdict rested. See *Murdock* v. *Herndon's Ex'r's*, 4 Hen. & M. 200.

It may be well to say something further, with a view to further proceedings in the case. Is the judgment that the plaintiff take nothing on all his declaration save the first count final, so that the court cannot reconsider and overrule the demurrer? Is that judgment appealable? If it is, it is beyond the power of the circuit court, and, as *res judicata*, would likely forbid any amendment to allow a count on the same matter, and an appeal would be barred, so that we could not consider it on cross error. But I do not consider it appealable. True, it is, in character or quality, final as a judgment on those counts, because it is a judgment of *nil capiat* on them; but there was still left a count, and the judgments on the demurrer did not end the case. In a law case, a judgment, to be final, so as to warrant a writ of error, must end the issue presented by the whole case. Code, c. 135, s. 1, cl. 1; 2 Bart. Law Prac. 761. Therefore, the plaintiff could have asked the circuit court to reconsider the demurrer and overrule it, and thus restore the rejected counts, and, if it refused, could have entered a *non pros.* on the first count, and thus have rendered the judgment final for writ of error, so it be in time. The plaintiff can ask such reconsideration of the demurrer, and in view of that we hold the demurrer was not well taken, and it was error to sustain it. As based on the idea of misjoinder, it is untenable for reasons given in the first opinion. If based on the idea that it is a partnership matter, of which equity alone has jurisdiction, it is untenable, because it is not a contract within the partnership or its business, but independent of it. Therefore, if asked, the circuit court must set aside its judgment on the demurrer, and wholly overrule it, and thus restore the declaration as it was. Reversed, verdict set aside, and new trial, and remanded.

*Reversed.*