# CHARLESTON.

LEE *et al. v.* HASSETT *et al.*

Submitted June 22, 1895—Decided Nov. 30, 1895.

PARTNERS—JUDGMENT AGAINST FIRM—SERVICE OF PROCESS.

Where a judgment is rendered against two partners on a partnership debt, and one of the partners has not been served with process, nor appeared to answer the action, such judgment is valid as to the partner served with process; and an execution issued thereon should not be quashed, on his motion, on the sole ground that the process was not served on his copartner.

J. M. PAYNE and S. S. GREEN for plaintiff in error, cited Code, c. 106, ss. 20, 25, 26; 7 Gratt. 152; 8 Gratt. 533; 8 Gratt. 349; 1 Am. & Eng. Enc. Law, 934; 12 Id. 147k and note 1; 7 Id. 148, note 4; 95 U. S. 714; 11 Gratt. 610, 612; Black, Judg. §§ 211, 253; 16 Ohio, 271; Freeman, Ex. (2nd Ed.) § 73a; Freeman, Judg. (4th Ed.) § 136; Code, c. 125, s. 52; Id. c. 131, s. 19; 22 W. Va. 537, 550; 24 W. Va. 517, 523-24; Code, c. 50, s. 69; 33 Gratt. 351; 83 Va. 272.

BROWN, JACKSON & KNIGHT and KENNEDY & DYER for defendant in error, cited 1 Salk. 24; 2 L'd Raym. 825; Cro. Jac. 425; 2 Saund. 101; 2 Bac. Abr. 228; Freeman, Judg. (3rd Ed.) § 136; Black, Judg. §§ 11, 234; 5 Wend. 161; 60 N. H. 40; 42 Miss. 210; 55 Md. 239; 28 Mo. 134; 34 N. J. L. 286; 13 Mass. 149; 10 Allen, 485; 55 Me. 252; 6 Tex. 242; 11 N. H. 299; 4 Wait, Act. & Def. 186; 6 Neb. 406; 10 Humph. 247; Meigs, 618; 33 Gratt. 351; 81 Mo. 360; 19 Ark. 574, 443, 620; 16 Ohio 274; 20 Wend. 609; 36 Pa. St. 460; 13 Iowa, 498; 6 Tex. 242; 15 W. Va. 609; 3 J. J. Marsh. (Ky.) 600; 20 Am. Dec. 179, 186, 187, 188; Code, c. 50, s. 69.

DENT, JUDGE:

The following statement of the proceedings in this case is adopted from the petition for the writ of error, to wit: "On the 16th day of October, 1875, the petitioners, partners as J. W. Lee & Co., instituted an action of *assumpsit*

in the County Court of said Kanawha county against J. C. Hassett and Charles Littlepage, partners as Hassett & Littlepage for the recovery of a debt due by said Hassett & Littlepage to said petitioners, and sued out an attachment and summons to garnishee in said action against said Hassett, which attachment was duly levied on property of said Hassett, and garnishee summons duly served. The summons in the action was duly served on the defendant Charles Littlepage, and order of publication was duly made and executed against the defendant J. C. Hassett, he being a non-resident; that on the 29th day of December, 1875, the action being ready for trial as to said Littlepage on personal service, and as to said Hassett on attachment levied on his property and order of publication duly executed, was heard by the court, and judgment rendered in favor of the petitioners against the defendants for the sum of six hundred and nineteen dollars and fifteen cents ($619.-15), with interest thereon from that day until paid, and costs of suit. On the 15th day of January, 1876, an order of sale of the attached property, which had also been attached in several other suits, was made, but nothing seems to have been realized on this judgment from said property. That on this judgment executions have issued as follows: One on the 18th of January, 1876; one on the 21st day of September, 1885; one on the 19th day of August, 1891; and one, the fourth, on the 9th day of June, 1894—all of which went into the hands of the sheriff. The first seems not to have been returned. The last three being each returned indorsed, 'No property found.' At the time of suing out the last execution a suggestion was also sued out against Jacob Zimmerman, A. H. Truax and T. A. Sheridan, as partners as Zimmerman, Truax & Sheridan, as debtors of said defendant Littlepage, which suggestion was answered, admitting an indebtedness from them to said Littlepage sufficient to pay off petitioner's said judgment. That on the motion of said defendant, Charles Littlepage, the circuit court on the 28th of January, 1895, as aforesaid, held said judgment to be void, quashed said fourth execution, and discharged the suggestion issued thereon, with costs."

The circuit court sustained the motion to quash because there was a joint judgment against both of the defendants, when the record showed that only one of them (Charles Littlepage) was served with process, and, being void as to one, it was void as to both. Such was a very ancient holding of the courts, and followed in numerous decisions, and is to the effect, as stated in *Richards* v. *Walton*, 12 Johns. 434: "The judgment being entire, if it is a nullity with respect to one, it also is in the whole." This ruling has since been seriously intrenched upon, departed from, and almost abrogated, by later decisions; the law now being settled that when a suit is on a joint demand against several, and some are served with process, a joint judgment against all will be void as to those not served, but only erroneous as to those served, unless it comes within the provisions of section 19, chapter 131, Code, when, as between those against whom the plaintiff is barred and against whom he is not barred, the judgment would stand on the same footing as though it were a separate demand as to the two classes.

When the suit is on a joint and several demand, a judgment against all would be void as to those not served with process, but valid as to those served, or appearing to answer the action. In either case a motion to quash an execution on such judgment should not be sustained in favor of the defendants served with process, or appearing to answer the action, as in one case the judgment would be binding, and in the other the proper proceedings would be in error, either by motion under the statute, or appeal. 1 Freem. Judgm. § 136; *Hoffman* v. *Birch*, 22 W. Va. 537; *Poe* v. *Machine Works*, 24 W. Va. 523.

All contracts with partners are joint and several, and each partner is liable to pay the whole, and in what proportion the others are contributors is a matter merely among themselves. 2 Tuck. Bl. Comm. 141; *Courson* v. *Parker*, 39 W. Va. 524 (20 S. E. 583). Such being the case, a creditor has the right to sue one or all, and take judgment against one or all. In the case of *St. John* v. *Holmes*, 20 Wend. 609, it was held: "Judgment against a firm will not be vacated because it was unauthorized by one of the

firm, unless the motion to vacate was made by the member against whom the judgment was entered without his authority." "The judgment is good against the partner who assented to it, though it may be inoperative against his copartner." And it is further held, if the partner not bound by the judgment did apply to vacate it, the court would not set aside the judgment, but simply direct the execution not to be served on his person or property. *Mc-Bride* v. *Hagan*, 1 Wend. 336; *Crane* v. *French*, Id. 311.

While the courts of some states still hold to the doctrine of the entirety of a judgment, the courts of this state never have done so; and they are fully sustained by the voice of justice, reason, and authority. For why should a defendant against whom a judgment is proper and just have the right to vacate it, and escape its payment, because it is void as to some one else? When the person against whom it is void has reason to, and complains, it will be time enough for the court to interfere in his behalf. As to all others it is mere harmless error, and in no wise prejudicial. As was said in *Poe* v. *Machine Works, supra*, a judgment "being void *in toto* as to the one, it was never a joint judgment, but only a judgment against the one as to whom the court had jurisdiction. *Gray* v. *Stuart*, 33 Gratt. 357·"

The judgment complained of is reversed, and case remanded to be further proceeded in according to law.