# CHARLESTON.

## BOWDISH & DEGARMO BROS. *v.* GROSCUP.

Submitted September 7, 1911. Decided April 23, 1912.

1. JUDGMENT—*Conclusiveness—Failure to Assert Claim—"Counter Claim."*

   "Counter claim", employed in section 55, chapter 50, Code 1906, by proper construction includes recoupment when such counter claim arises out of the same contract sued on by plaintiff; and if defendant having such counter claim neglects or refuses to produce it with his evidence in support thereof, as provided in said section he will be forever precluded from maintaining any action for the recovery thereof, unless, as provided by section 56, his claim exceeds plaintiff's demand more than three hundred dollars. (p. 760).

2. SAME—*Failure to Assert Counter Claim—Subsequent Action—Amount of Claim.*

   In a suit subsequently brought before a justice by the defendant against the plaintiff in the former action, he is concluded as to the amount of his counter claim by the damages claimed in his suit. (p. 764).

3. PARTNERSHIP—*Action—Judgment—Effect.*

   If defendants in a prior suit before a justice be partners and sued as such, but only one of them be served with process, but judgment be rendered against all, the error in or voidness of the judgment against those not served will not render void the judgment against the one served with process, nor excuse him from producing the counter claim of his firm with his evidence in support thereof, or relieve him or his firm from the consequences of his failure to do so, imposed by said section 55, Code 1906; for as the partner served and against whom judgment is pronounced, is thereby rendered incompetent to sue, he cannot subsequently be joined as plaintiff with his other partners in an independent action against the plaintiff in said action, and by his failure to act they are thereby also precluded, except as provided by said section 56. (p. 764).

Error to Circuit Court, Upshur County.

Action by Bowdish & Degarmo Brothers against William Groscup. From a judgment for defendant, plaintiffs bring error.

*Affirmed.*

*U. G. Young,* for plaintiffs in error.

*C. C. Higginbotham* and *Wm. S. O'Brien,* for defendant in error.

MILLER, JUDGE:

Defendant sued plaintiffs before a justice of Webster county. Process against all was served upon but one of the partners. On the return day of the writ, two of the partners being present but not appearing, the justice pronounced judgment against all for $110.84, the amount sued for, with interest and costs.

Afterwards, August 30, 1909, Bowdish & Degarmo Brothers brought this suit against Groscup, before a justice in Upshur county, demanding judgment for $300.00, with interest and costs, the account filed calling "for damages for failing to comply with contract dated April 15, 1908, $300.00." Another account appearing in the record, by items, is as follows: "Loss on 35,321 ft. Lumber, $128.37; Loss on 84,197 ft. Lumber, $225.15; Loss on 65,418 ft. Logs $2. per M. $130.84; Loss on use of Mill, $100.00; Loss on use of Team, $50.00; Total $634.36."

On the trial, on a plea of general denial, plaintiffs obtained judgment for $250.00, interest and costs. From this judgment the defendant appealed to the circuit court.

On the trial in the circuit court, defendant interposed a special plea in writing, alleging in substance, that plaintiffs ought not to have or maintain said action against him, for the reason, that plaintiffs' claim for damages arose out of the same contract, on which he had previously obtained his judgment against them before the justice in Webster county, and that as plaintiffs, after service of process on one of them, had not appeared in that action, or filed any credit, set-off or counter claim, they were thereby barred of all right of action for the damages sued for.

A demurrer to this plea was overruled by the court, the grounds assigned being, (1) that plaintiff's claim is one for unliquidated damages, which could not have been set off in the first action; (2) because plaintiffs' claim is for a sum in excess of $300.00, after deducting defendant's claim; (3) be-

cause the plaintiff's judgment in that action is void as to the plaintiffs in this action, not served with process, and (4) for other reasons apparent on the face of the plea.

There is another plea in the record purporting to be defendant's rejoinder to plaintiffs' replication of *nul tiel record,* averring that there is such record, of the recovery of his said judgment before the justice, as in his plea alleged, which he is ready to verify by the record thereof and which he prayed might be inspected by the court.

On the trial of this plea, and the demurrer thereto, the court overruled the demurrer and sustained the plea. Whereupon, plaintiffs admitting the facts set out in the plea, it was considered and ordered by the court, by the judgment complained of, that plaintiffs take nothing by their suit, and that defendant recover his costs.

The correctness of the judgment below depends, in the main, on the proper construction to be given to section 55, of chapter 50, Code 1906, relating to justices and constables. The pertinent provision of that section is: "If the defendant, at the time the plaintiff's action is commenced, has any credit, or setoff, or counter claim to allege in defence or reduction of the plaintiff's demand, and be personally served with process in the suit, or appear and answer the action, he shall produce the same, with his evidence in support thereof, in the cause, or be forever precluded from maintaining any action for the recovery thereof," etc.

It is conceded that the plaintiffs' claim is not a "credit" within the meaning of this statute; but it is insisted that "counter claim" is broad enough to include both recoupment and set-off, and that though technically plaintiffs' claim if applied to the defendant's claim would be recoupment, it is nevertheless a "counter claim," and not having been alleged in defence or reduction of the defendant's demand the statute applies and plaintiffs are "forever precluded from maintaining any action for the recovery thereof."

If Groscup's action had been in the circuit court, the question presented for decision could not have arisen, for the general rule undoubtedly is, that a defendant may elect recoupment, or an independent action against plaintiff. If he chooses the for-

mer he loses his right to recover by separate action excess of damages.   *Webster* v. *Couch,* 6 Randolph 519; *McSmithee's Admr.* v. *Feamster,* 4 W. Va. 673; *Knight* v. *Brown,* 25 W. Va. 808; *Hargreaves* v. *Kimberly,* 26 W. Va. 787, 800; *Guano Co.* v. *Appling,* 33 W. Va. 470; *Coal & Coke Co.* v. *Coal & Coke Corporation,* 67 W. Va. 503; Hogg's Treatise and Forms, section 111.

Our chapter 126, Code 1906, relating to payment and set-off, does not contain the words "recoupment" or "counter claim." As has been truly said, "recoupment" is a development of the common law, while "counter claim" is purely a statutory remedy.   34 Cyc. 643.   The word "counterclaim" occurs in the Codes of Civil Procedure of many of the states, as in New York, Stover's N. Y. Anno. Code of Civ. Pro., volumes 1 and 3, sections 500, 501, and 2949.   Some of the sections of our chapter 50, Code 1906, were apparently taken from the Code of New York.   Other sections of that chapter were likely influenced by the codes of New York and other states.   In New York, and perhaps in other states, the term "counterclaim" is defined. Section 501, *supra.*   It is not given the same meaning or scope in all the states, either by statute or judicial decision; but generally it covers recoupment, particularly as applied to a claim for damages arising out of, or relating to the same transaction. So that now under these codes, and as used and understood, counterclaim includes both recoupment and set-off, being broader than both and including matters which do not fall under either head.   25 Am. & Eng. Ency. Law 570, 571.   The object of these statutes is to enable parties to settle and adjust all their cross claims in a single action, avoiding circuity of action and multiplicity of suits.   The authority last cited, agreeably to the general rule, says, that counter claim differs from recoupment, in that under a counterclaim defendant may have an affirmative judgment for the excess of his demand over the demand of the plaintiff, whereas damages proved by way of recoupment can only go to reduce or extinguish the plaintiff's claim against him. Of course this distinction would not obtain if the statute otherwise provides.

"Counter claim" as used in our statute, section 55, chapter 50, *supra,* is nowhere defined.   Does it, as held in other states,

include recoupment, precluding subsequent action by the defendant if he fails to interpose it as a defense or counter claim, in a prior action against him? That chapter, we think, must be regarded as a code of civil and criminal procedure for justices' courts. Sections 52 to 57, inclusive, cover the subject of set-off and counter claim. The question is do these several sections, taken together and properly construed, deprive a defendant of his right of election to recoup or resort to an independent action to recover his damages? If by interposing his claim as a defense he would thereby lose his right to excess of damages, we ought not, we think, construe "counter claim" to include "recoupment;" but if by reasonable and proper construction of the several sections of our statute, excess of damages may be recovered as upon a set-off, we think the spirit of the statute requires us to construe "counter claim" as including "recoupment."

By section 52, as is manifest, the demand to be set-off must be *ex contractu,* that is it must "be founded on judgment or contract, express or implied." By section 53, if the claim of the defendant equals that of the plaintiff, judgment shall be entered for him; if it be less, the plaintiff shall have judgment for the residue only. By section 54, if the balance due the defendant exceed the jurisdiction of the justice and he do not release the excess, he shall have judgment for costs, and may thereafter recover the balance due him in any court having jurisdiction. And by way of exception to section 55, by section 56, if defendant's claim exceeds the plaintiff's demand more than three hundred dollars, he is not required, on penalty of losing his rights, to interpose his claim as a defense, but may resort to a separate action in a court having jurisdiction.

If therefore "counter claim," in section 55, includes "recoupment," defendant may recover excess of damages, arising out of the same contract, and we perceive no reason why we should not give the term "counter claim" the broad construction, which the statute seems to imply, and which is given it in other states having statutes of similar import. It may be argued that section 52 is applicable alone to set-off, and does not apply to "credit" or "counter claim," covered by section 55. But the last clause of section 55, we think, clearly indicates the contrary.

·That clause is: "And if the plaintiff, in the cases provided for in the fifty-second section, has any credit, set-off or counter claim to allege in defence or reduction of the defendant's set-off or counter claim, and fail to produce and claim the same, he shall, in like manner be forever precluded from maintaining an action for the recovery thereof." This provision makes it clear that the credit, set-off or counter claim which, by section 55, the defendant is required to interpose by way of defense or reduction of the plaintiff's demand, are those defenses which by section 52 he is permitted to make, for if the plaintiff by said provision neglects to interpose like defenses to the set-off or counter claim of the defendant, the same punishment is visited upon him. Our conclusion, therefore, is that "counter claim" · does include recoupment, where the claim arises out of the same contract sued on by the plaintiff, and if the defendant neglects to produce his claim, with his evidence in support thereof, as provided in section 55, he is thereafter barred, as provided thereby, of subsequent action thereon.

Two prior decisions of this Court are cited as supporting the contrary proposition. *Natural Gas Co.* v. *Healy,* 33 W. Va. 102; *Clark's Cove Guano Co.* v. *Appling, Id.* 470. The second point of the syllabus of the first case apparently supports plaintiffs' contention. But it is apparent the point is *obiter.* It did not fairly arise. The statute we have construed was not considered. The point of the syllabus is correct when applied to proceedings in the circuit court. In that case the defendant offered to prove his counter claim before a jury, but the justice denied him that right. The real question was whether that ruling of the justice was error. The question we have here was not presented, though inadvertently covered by the syllabus. In the other case, originating in a justice's court, the statute was not construed or brought to the attention of the court. Besides the claim of defendant treated as a claim for recoupment did not arise out of the claim sued on, as stated by Judge BRANNON in the opinion. In that respect it is distinguishable from the case at bar, and technically speaking, unliquidated damages are not the subject of set-off, as held in the first point of the syllabus. In *Turk* v. *Shein,* 55 W. Va. 466, the proposition involved here was covered by an instruction refused, but as the

point did not fairly arise it was not decided. So we have no prior decision covering the point.

But are plaintiffs protected in this action by the alleged excess of their claim to over three hundred dollars? We think plaintiffs are concluded as to the amount of their claim, by the demand in the writ and their bill of particulars filed. True there is copied in the record an account against the defendant, which would show a balance in excess of the jurisdiction of a justice, and if plaintiffs had gone into the circuit court and sued there, they might with some show of consistency rely upon the exception in section 56. Not having done this we think they are concluded and estopped as to the amount of their claim by the amount actually sued for.

But is the correctness of the judgment below affected by the fact that but one of the plaintiffs was served with process in the defendant's action against them in Webster county? It is contended by plaintiffs' counsel, on the principles of *Turk* v. *Shein, supra,* and *Riley* v. *Jarvis,* 43 W. Va. 43, that because but one of the defendants in that action was served with process there was no litigation of the matters in controversy, so as to bar the present action. There certainly was litigation of the matters in controversy, as to the defendants served. The defendants in that action were co-partners. The judgment bound him, if not those not served. Though but one was served the judgment appears to have been against all. But if void as to defendants not served, as it probably is, are the plaintiffs nevertheless not barred of their present action? The plaintiff served in the defendant's action undoubtedly had the right for his individual protection to interpose his firm's claim for damages and to defend the action against all, and if we are correct in our construction of the statute, section 55, chapter 50, of the Code, he was bound to do so, as he had the legal right, for his own protection, if not that of his firm.

The filing of a counter claim is the equivalent of instituting a new suit against plaintiff. It is within the implied powers of a partner to institute a suit on behalf of his firm, as well as to defend one against it. 30 Cyc. 556, and cases cited, including *McCluny* v. *Jackson,* 6 Grat. 96. Our case of *Lee* v. *Hassell,* 41 W. Va. 368, holds, that "where a judgment is rendered

against two partners on a partnership debt, and one of the partners has not been served with process, nor appeared to answer the action, such judgment is valid as to the partner served with process; and an execution issued thereon should not be quashed, on his motion, on the sole ground that the process was not served on his co-partner." Clearly therefore the plaintiff served with process in the defendant's suit was concluded by the judgment in that suit from maintaining any action on his firm's counter claim for damages against the defendant. And the rule seems to be that "Where one partner is disqualified to sue upon a firm claim, no action at law can be maintained thereon, for the reason that such partner is a necessary party plaintiff, and one who cannot sue by himself cannot do so merely by joining others with him." 15 Ency. Pl. & Prac. 867.

On consideration of these principles we are of opinion to affirm the judgment, and we will so order.

*Affirmed.*