# FALL SPECIAL TERM, 1882.

## WHEELING.

CORROTHERS *et al. v.* SARGENT *et al.*

Submitted June 16, 1882—Decided October 14, 1882.

(*HAYMOND, JUDGE, Absent.)

|    |     |
|----|-----|
| 20 | 351 |
| 35 | 718 |
| 36 | 240 |
| 36 | 797 |
| 20 | 351 |
| 37 | 173 |
| 37 | 419 |
| 20 | 351 |
| 39 | 740 |
| 20 | 351 |
| 47 | 821 |
| 20 | 351 |
| 48 | 468 |
| 48 | 595 |
| 20 | 351 |
| 50 | 504 |
| 20 | 351 |
| 51 | 411 |
| 20 | 351 |
| 54 | 101 |
| 54 | 632 |

1. It is well settled, that a point once adjudicated by a court of competent jurisdiction, however erroneous that adjudication, may be relied on as an estoppel in any subsequent collateral suit in the same or any other court, at law or in chancery, when either party, or the privies of either party, allege anything inconsistent with it; nor is it necessary that precisely the same parties were plaintiffs or defendants in the two suits. (p. 356.)

2. A decision upon a general demurrer to a bill, which has clearly gone to the merits of the case, is an effectual bar to further litigation ; and where no formal defects appear upon the face of the bill the court will presume that the demurrer has gone to the merits. (p. 356.)

3. Several creditors, having separate claims, cannot unite in one suit in equity to attach the property of an absent debtor. (p. 359.)

Appeal from and *supersedeas* to a decree of the circuit court of the county of Taylor, rendered on the 9th day of September, 1876, in a cause in said court then pending, wherein Samuel Corrothers and others were plaintiffs and Thomas D. Sargent and others were defendants, allowed upon the petition of Samuel Corrothers and William Corrothers.

Hon. Charles S. Lewis, judge of the second judicial circuit, rendered the decree appealed from.

The facts of the case appear in the opinion of the Court.

*Edwin Maxwell* for appellants cited the following authorities:   Acts 1872–3, p. 459; 26 Wend. 460; 15 Gratt. 304; 1 Rand. 219; 1 Mason 192, 214; 12 Leigh 332, 344; 5

*Counsel below.

Monroe 285; 5 J. J. Mar. 137, 144; 6 B. Mon. 74, 76; 15 W. Va. 21; 10 W. Va. 662.

No appearance for appellees.

SNYDER, JUDGE, announced the opinion of the Court:

The appellants, Samuel Corrothers and William Corrothers together with M. D. Bainbridge and the administrator of Ignatius Gehring, deceased, instituted their joint suit in the circuit court of Taylor county, on the 20th day of March, 1869, against Thomas D. Sargent, Hiram Winchester, B. F. Winchester, Laurason Levering, The White Day Cannel Coal and Oil Company, The Maryland and Virginia Coal Oil Company and The Clifton Cannel Coal and Oil Company. The plaintiffs filed their original and amended bills in which they aver that they, the said Bainbridge, Samuel and William Corrothers and Gehring with the defendant Hiram Winchester, on the 22d day of February, 1859, entered into an agreement to form a joint stock corporation by the name of The White Day Cannel Coal and Oil Company; that, on the 8th day of March, 1859, the said corporation was duly created by a judgment of the circuit court of Taylor county with authority to purchase and hold two thousand acres of land; that said corporation purchased certain lands and among others the following situate on White Day creek in said county: One hundred and thirty-eight acres from the plaintiff, Bainbridge, at the price of ten dollars per acre, and three other tracts of two hundred and sixty, one hundred and fifty and six hundred and twenty-five acres from the plaintiffs, Bainbridge, Samuel and William Corrothers, the said Gehring and the defendant Winchester at the prices of one thousand one hundred and seventy-five dollars, three hundred and fifteen dollars, and three thousand and sixty-two dollars and fifty cents respectively; that by deeds all dated on the 16th day of April, 1860, the said lands were conveyed to said White Day Cannel Coal and Oil Company; that to secure the payment of the purchase-money for the said three last mentioned tracts a lien was retained on the face of the deeds conveying them as aforesaid; and that said purchase-money is still due and unpaid; that soon after the

date of said deeds the said Winchester and others formed another corporation by the name of The Maryland and Virginia Coal Oil Company, and the said Sargent assuming to be the attorney in fact authorized to convey the lands of The White Day Cannel Coal and Oil Company, fraudulently combined with the said Winchester, who was president of both said corporations, and one B. F. Winchester who styled himself secretary; and those three persons, without any authority, made for a nominal consideration, to the said Maryland and Virginia Coal Oil Company, what they call a special warranty deed for all the aforesaid lands; that the said pretended deed passed no title to the lands and they are in law still the lands of The White Day Cannel Coal and Oil Company, and liable for the debts of said company, and if not for the debts generally they are so liable for the purchase-money secured by lien thereon as aforesaid; that soon after the making of said pretended deed to The Maryland and Virginia Coal Oil Company the creditors of that company filed their bill in said circuit court of Taylor county and had all the right and title of said company in said lands sold to pay its debts at which sale the defendant, Levering, became the purchaser and now claims said lands discharged of the lien of the plaintiffs retained on the deeds as aforesaid; that subsequently by deed, dated September 7, 1865, the said Levering conveyed all of said lands to the defendant The Clifton Cannel Coal and Oil Company; and that the defendants Sargent, Hiram Winchester, B. F. Winchester and Levering are non-residents of this State, and The White Day Cannel Coal and Oil Company as well as the Maryland and Virginia Coal Oil Company, have left the State and have no officers or office in the same. They pray that a decree may be rendered for the sale of said lands and for the payment of the purchase-money liens due the plaintiffs out of the proceeds of such sale; that if the proceeds of the sale of the three tracts on which said liens are retained are not sufficient to pay said liens then any residue may be paid out of the tract of one hundred and thirty-eight acres aforesaid; and that they may have general relief, &c.

There is no allegation in the bill that The Clifton Cannel Coal and Oil Company is a non-resident of the State, but

there is an affidavit of Samuel Corrothers filed in which it is stated that all the defendants are non-residents.

On the said 20th day of March, 1869, a summons in chancery was issued by the clerk with an endorsement thereon requiring the officer to attach the aforesaid one hundred and thirty-eight, one hundred and fifty, two hundred and sixty and six hundred and twenty-five acres of land. This summons was returned by the sheriff of said county endorsed that he had levied the attachment, on the 23d day of March, 1869, on said lands, and that the defendants were all non-residents of the State. An order of publication was taken and published against the defendants.

The defendants, Laurason Levering and The Clifton Cannel Coal and Oil Company, filed separate answers to the plaintiff's bill, to which there are general replications. The said answers are in effect the same and almost identical in their language. They state, that the plaintiffs have no cause of action against the defendants; that if the plaintiff's, or either of them, have any claim, it is not joint but several, and the plaintiffs not having a common interest in the subject of the controversy, but several and distinct claims, if any, they cannot maintain their joint suit against the defendants; that heretofore, to-wit, on the 15th day of July, 1862, in the circuit court of said county of Taylor the said plaintiffs, Samuel and William Corrothers and Ignatius Gehring, then living instituted their chancery suit against Morgan D. Bainbridge, Hiram Winchester, Thomas D. Sargent and others to enforce what they then claimed to be a vendor's lien on the lands aforesaid then owned by The Maryland and Virginia Coal Oil Company; that said cause was regularly matured and set for hearing, and upon demurrer to said bill by some of the defendants therein the said court upon the hearing dismissed said bill; that the cause of action in said suit was and is the same the plaintiffs now sue for in this suit, to-wit, to enforce what they then and now claim was and is a vendor's lien on said lands; and the defendants say that the matters, liens and equities claimed by the plaintiffs in this suit have been adjudicated, &c. The said answers further aver that in all of said deeds the full payment of the purchase-money is acknowledged, and the plaintiffs have no vendor's lien, nor is

there any purchase-money due them, or either of them on said several tracts of land; that the conveyance of the said lands by the said White Day Cannel Coal and Oil Company to the Maryland and Virginia Coal Oil Company is valid and made according to the forms of law, and that the proceedings and conveyance by which the title of the said Maryland and Virginia Coil Oil Company was vested in the defendant, Laurason Levering, were regular and legal; that the said Levering paid all the purchase-money therefor, and that before his purchase, at the time thereof and since, he had no notice, either actual or constructive, that the plaintiffs had any lawful lien for said purchase-money, or any part thereof, on said lands or any part thereof; and that before the institution of this suit the said Levering sold and conveyed by deed duly recorded all of said lands to the defendant, The Clifton Cannel Coal and Oil Company, which is a *bona fide* purchaser for value without notice. The said defendants further aver that the plaintiffs contributed the said lands to the said White Day Cannel Coal and Oil Company in payment of stock subscribed by them respectively to said company; that the defendant Sargent became the owner of one-half of the stock of said company, and subsequently the plaintiffs sold their stock to said Sargent and took from him in payment therefor the notes of one Samuel B. Tucker payable to the order of said Sargent and by him endorsed to the plaintiffs respectively as follows: to the plaintiff William Corrothers three notes of eight hundred and thirty-three dollars and thirty-three and one-third cents each, and to each of the other plaintiffs notes in like manner for the full amount of their stock so sold to the said Sargent; that said notes constitute the claim sued for by the plaintiffs and are merely a personal debt against the said Tucker and Sargent, and in no manner represent the purchase-money for said lands or constitute a vendor's lien thereon, &c.

The said answers are much more formal and elaborate than here given but I have stated the substance of such parts thereof as appear to be material. The deeds and notes referred as well as the record of the former suit are exhibited with and made parts of said answers and sustain the allegations thereof in all respects. The plaintiffs took certain depositions and the

cause came on to be heard, on the 9th day of September, 1876; when the following decree was entered:

"This cause came on this day to be heard upon the bill, amended bill, answers thereto of the defendants, The Clifton Cannel Coal Company, and Laurason Levering, general replications thereto, order of publication against the absent defendants, Thomas D. Sargent, Hiram Winchester, Benjamin F. Winchester, The White Day Cannel Coal and Oil Company, The Maryland and Virginia Coal Oil Company, duly executed, and proceedings at rules thereon regularly matured, order of attachment, return thereon and order of publication thereon duly executed against all of said defendants, exhibits and depositions, and was argued by counsel. On consideration whereof, it is adjudged, ordered and decreed that the said bill and amended bill be dismissed, and the complainants do pay to the said defendants, The Clifton Cannel Coal Company and Laurason Levering, their costs by them about their defense in this behalf expended."

The first question presented is, whether or not the subject matter of this cause has been, in whole or in part, so adjudicated in the suit referred to and pleaded in the answers of the defendants as to bar the relief sought in the plaintiff's bill?

It is well settled, that a point once adjudicated by a court of competent jurisdiction, however erroneous that adjudication, may be relied on as an estoppel in any subsequent collateral suit in the same or any other court, at law or in chancery, when either party, or the privies of either party, allege anything inconsistent with it; and this too when the subsequent suit is upon the same or a different cause of action; nor is it necessary that precisely the same parties were plaintiffs or defendants in the two suits; provided the same subject matter in controversy, between two or more of the parties, plaintiffs or defendants, to the two suits respectively, has been in the former suit directly in issue and decided. The conclusiveness of the judgment or decree extends, beyond what may appear on its face, to every allegation which has been made on the one side and denied on the other, and was at issue and determined in the course of the proceedings. A decision upon a demurrer, which has clearly gone to the

merits of the case, is an effectual bar to further litigation. All the authorities agree that if it appears by the record that the point in controversy was necessarily decided in the first suit, whether upon a demurrer or the facts in issue, it can not be again considered in any subsequent suit.  Big. on Estop. 22 and 45; *W. M. & M. Co.* v. *Va. Cannel Coal Co.,* 10 W. Va. 250; *Coville* v. *Gilman,* 13 *Id.* 314; *Beckwith* v. *Thompson,* 18 *Id.* 103; *Griffin* v. *Seymour,* 15 Iowa 30.

A reference to the bill and answers, as hereinbefore stated, will clearly show that the matter in controversy in the suit pleaded in said answers, so far at least, as it relates to the attempt to enforce the vendor's lien set up in the bills, is identically the same and between the same parties litigant, as that set up in the suit at bar.  This is virtually conceded by appellants' counsel, but he insists, and that is the only matter of difficulty, that the matters averred in the bill in said former suit were not litigated therein, because the court simply sent the bill to rules for amendment and the plaintiffs failing to amend, the bill was dismissed for the want of such amendment, and not upon the merits.  To determine whether said dismissal was an adjudication of the subject matter of the bill or not, requires an examination of the nature of the order of dismissal and the necessary effect of the same.

From the record it appears that at a circuit court held for the county of Taylor, on the 7th day of March, 1863, the cause came on to be regularly heard and certain of the defendants demurred generally to the plaintiffs' bill and the plaintiffs joined in said demurrer, and the cause was set for hearing on said demurrer, and was signed by counsel.  "On consideration whereof the court is of opinion and doth consider that the said demurrer be sustained, and doth adjudge, order and decree that the plaintiffs' bill be dismissed and that the defendants last named (the demurrants) recover against the plaintiffs their cost by them about their defense in this behalf expended.  And on motion of the plaintiffs, and for reasons appearing to the court, they withdraw their joinder in defendants' demurrer, and on their further motion they have leave to amend their bill, and for that purpose this suit is remanded to rules."

At the May rules, 1863, on the motion of the defendants a

rule was awarded against the plaintiffs for an amended bill. And the plaintiffs having failed to file an amended bill, at the June rules, 1863, on motion of defendants the cause was dismissed. And at a term of said court held on the 27th day of August, 1863, a final decree was entered in the cause as follows:

"This day came the plaintiffs and the defendants, (the demurrants,) and the office dismission had herein not having been set aside, and this being the last day of the term, the said dismission is now final. Therefore the suit is dismissed, and it is considered that the said defendants recover against the plaintiffs their costs by them about their defense in this behalf expended, &c."

Thus it appears by the said decree of March 7, 1863, that the court sustained the demurrer of the defendants and dismissed the plaintiffs' bill with costs. The demurrer was general, and as no formal defects appear, the conclusion is irresistible that the court was of opinion that the facts averred in the bill did not entitle the plaintiffs to relief, and therefore it must have dismissed the suit for the want of merit. This was necessarily an adjudication of the facts set out in the bill, and a positive decision against the plaintiffs on the merits. This may have been an erroneous decision, and one which, perhaps, would have been reversed on an appeal; but as no appeal was taken or reversal had, the plaintiffs, according to the principles of law hereinbefore stated, are concluded and estopped from again litigating any of those matters in any subsequent collateral suit; and they, therefore, cannot be considered in this suit unless the order granting the plaintiffs leave to amend their bill in the same decree destroyed the effect of said decree. It seems to me that the only object of this order was to suspend the effect of the decree until the plaintiffs could have an opportunity to file an amended bill if they elected to do so. And, therefore, when they failed to file such amended bill, after being required to do so by a rule, they in effect refused to amend, and by the proceedings at rules and the final order of the court, the decree dismissing the suit with costs became absolute, and the plaintiffs could then have taken an appeal from it as a final decree. The plaintiffs certainly, when they filed their bill, had a suit in

court; and it is just as certain that, after the final action of the court on their bill, they had no suit in court. I am therefore, of the opinion that the decree dismissing the plaintiff's bill on demurrer was an adjudication of the matters alleged therein and concludes the plaintiffs as to said matters in this suit.

The plaintiffs, in addition to the assertion of a vendor's lien on the lands aforesaid, aver in their bill that all the defendants, except The Clifton Cannel and Oil Co., are non-residents of the State, and by an endorsement on the summons they required the officer to attach the lands of the said defendants, which the return of the officer shows was done, and that the lands thus attached are the same as those sought to be subjected to the plaintiffs' alleged vendor's liens in the said former suit. This may have made the plaintiffs' suit a proceeding in the nature of a foreign attachment as well as a bill for the enforcement of a vendor's lein. And while, as we have seen, the plaintiffs are estopped from again litigating the latter claim it does not necessarily follow that they may not in this suit set up the former as a claim which is distinct and not included in the former suit. In my view it is unnecessary to decide how far, if at all, the plaintiffs are estopped by the said former suit from litigating their claims by way of foriegn attachment in this cause; because this bill cannot be maintained as an attachment suit for the reason that several creditors, having separate demands, cannot unite in a suit to attach the property of an absent debtor. *Yeaton v. Lenox*, 8 Pet. 123.

The proceeding by attachment being purely statutory and liable to abuse, it ought to be carefully watched by the courts and kept within the bounds prescribed by the statute. Not only the right to proceed by attachment but the manner and mode of proceeding are carefully prescribed by the statutes, and it is apparent that it was not contemplated by the Legislature that separate and distinct claims held by different creditors should be united in one suit. Certain affidavits are required to be made by the creditor and certain bonds with conditions must be made before the seizure or sale of the attached property, which it would be very inconvenient if not impossible to adapt the cases in which several creditors are suing upon distinct demands.

From what has already been said, the plaintiffs here cannot be treated as having a vendor's lien on any part of the lands thus attached. At most they are simple contract creditors.. Their bill with the answers and exhibits and depositions in the cause fully show, that their debts are separate and distinct and in no sense joint claims; and being several and distinct, they cannot unite them in one suit to attach the property of the defendants or either of them. Upon the whole case, therefore, I am of opinion, that the plaintiffs' bill was properly dismissed and that the decree of the circuit court must be affirmed with costs to the appellees and thirty dollars damages.

JUDGES JOHNSON AND GREEN CONCURRED.

DECREE AFFIRMED.

# WHEELING.

