### DETERMINED BY THE

# SUPREME COURT· OF APPEALS

### OF

# WEST VIRGINIA

## CHARLESTON.

STEPHEN STOUT *v.* LYLE MARTIN AND ROY EDGELL.

Submitted September 7, 1920. · Decided September 28, 1920.

1. JUSTICES OF THE PEACE—*Judgment is Conclusive Against Set-Off Not Pleaded.* .·

   A defendant in an action. before a justice. of the peace, having a claim against the plaintiff therein for unliquidated damages, not in excess of three hundred dollars,. arising out of the same transaction or contract .upon which the plaintiff's suit is based, because of the provisions of § 55, chap. 50 of the Code, must set the same up in such suit, otherwise he will be thereafter barred from prosecuting any suit therefor; and in case the defendant is found to be entitled to recover, on account of such claim, an amount in excess of that to which the plaintiff is entitled on account of the· claim sued on, he will be given judgment over against the plaintiff for the excess. (p. 3).

2. FRAUD—*False Representation Without Knowledge, Actionable.*
   'One who represents that .a certain condition exists, when in .fact he has no knowledge in regard thereto, will be liable to another who ·deals with him upon the faith of· such representation, should· it turn out to be false. (p. 5).

3 SAME—*False Representation as to Boundaries Without· Knowledge, Actionable.*

   Where one purchases the timber upon a tract of land in re-·liance upon the representations of the·owner as to the exterior · boundary lines ·thereof pointed out upon ·the ground by such owner, which turn out· not· to be the true lines, and the pur-

chaser is deprived of a part of the timber 'he would have obtained, had the owner's representations been true, he will have a right of action against such owner, even though the owner did not at the time he made the representations know the true location of his boundary lines.  ·(p. 5).

4.  SAME—*Reliance on Representations Justified, Though Truth is Discoverable.*

One who enters into a contract upon the faith of false representations made by the opposite contracting party, will not be denied the right to recover any damages he may sustain by reason of such false representations because 'he could have discovered the truth from other sources. (p. 5).

5.  SAME—*Damage is Difference Between Actual and Represented Value.*

In an action for fraud and deceit, by the vendee of property, based upon false and fraudulent representations of the vendor, the true measure of damages is the difference between the value of the property actually received and its value had it been as represented. (p. 6).

6.  SAME—*Difference Between Actual and Represented Value of Property Involved is Measure of Damages.*

One who purchases the timber upon a tract of land upon the faith of representations made to him by the owner as to the location of the exterior lines thereof, and loses some of the timber because such representations turn out to be false, is entitled to recover, in an action of fraud and deceit, the difference between the actual value of the timber 'he received and that which he would have received had the representations been true. (p. 6).

(WILLIAMS, PRESIDENT, absent.)

Error to Circuit Court, Wetzel County.

Action by Stephen Stout against Lyle Martin and another. Verdict and judgment for plaintiff, and defendants bring error.

*Reversed and remanded.*

*John Ross, Jr.,* and *Thos. H. Cornett,* for plaintiffs in error. *T. M. McIntire,* for defendant in error.

RITZ, JUDGE:

The plaintiff, in the year 1917, sold to the defendants the timber upon a certain tract of fifty-five acres of land owned by him, situate in Wetzel county, for the sum of three hundred

dollars, of which two hundred dollars was paid, and a note given for the residue. Upon the failure of the defendants to pay this note suit was brought before a justice of the peace thereon, and upon appeal from the judgment of the justice to the circuit court of Wetzel county a judgment was rendered in favor of the plaintiff for the sum of $90.64, to review which this writ of error is prosecuted.

The defendants do not deny the execution of the note, but set up as a defense thereto that just before the time they made the purchase of the timber upon this tract of land one of them went over the same with the plaintiff, who pointed out his exterior boundary lines, and that relying upon the representations of the plaintiff in regard thereto they purchased the timber upon the tract of land; that thereafter when they proceeded to cut the timber a considerable part thereof was claimed by an adjoining owner, and that an investigation showed that one of the lines pointed out by the plaintiff was not the correct line, and that there was excluded a considerable tract of timber which the defendants, by reason of plaintiff's representations as to the location of his line, thought they were securing; that the amount of such timber which the defendants failed to secure was eighteen thousand feet, and that its value at said time upon the stump was at least ten dollars per thousand; and alleging that by reason of these false and fraudulent representations of the plaintiff, defendants were damaged to the extent of one hundred and eighty dollars, which they ask to set off against the plaintiff's demand, so far as such damages were required to cancel such demand, and to have recovery against the plaintiff for the residue.

Upon the trial of the case one of the defendants swore that he and the plaintiff went over this tract of land before the purchase was made, and the plaintiff pointed out the boundary lines to him; and further that in making the purchase he relied upon these representations; that as a matter of fact the representations so made were false, and that the defendants were deprived of at least eighteen thousand feet of timber which they would have gotten had the representations been true; that the value of this timber was at least ten dollars per thousand on the

stump. The, plaintiff denied that he made any representations as to the location of his boundary lines, and further testified that he did not know at that time where his exterior boundary line was at the point at which it is claimed he falsely represented its location. The court refused to admit defendant's evidence as to the value of the timber on the stump, and refused to allow them to prove the actual value of the entire tract of timber purchased by them, and the value of the tract actually cut by defendants, upon the theory that if defendants were entitled to recover any damages at all it would be an amount bearing the same proportion to the purchase price paid by them for the timber that the timber lost bore to the whole tract which they had expected to receive, while the defendants contend that the correct measure of the damages was the value of the timber actually lost to them, or rather the timber which they were unable to cut because it was not owned by the plaintiff at the time he made the sale.

The jurisdiction of this Court to entertain this writ of error is challenged upon the ground that there is not involved as much as one hundred dollars, the argument being that the judgment of the court below is only for $90.64, and that inasmuch as the defendants could only set off their claim for damages against this judgment, and could have no recovery over on account of the matters set up by them in their notice or plea, in no event could the amount involved in this suit at this time be more than $90.64. If the assumption is true that the defendants could have no recovery over on account of the claim set up by them, this contention would perhaps be correct. It is true, the claim set up is in the nature of unliquidated damages growing out of the same contract upon which the plaintiff sues, and is in the nature of recoupment. This is an action, however, brought before a justice of the peace, and under the decision of this Court in the case of *Bowdish* v. *Groscup*, 70 W. Va. 758, if the defendants' claim for unliquidated damages does not exceed three hundred dollars, the amount of the justice's jurisdiction, they must set it up in a cross-action when sued; or else be forever barred; and if the jury should find that they are entitled to recover more on account of the claim

set up by them in this way than the plaintiff is entitled to recover, there can be a recovery over for such excess, as in the case of an offset filed. This being true, the amount involved here is the amount of the claim asserted by the defendants, which the evidence tends to show exceeds the sum of one hundred dollars.

It is also suggested that the evidence introduced by the defendants in support of their claim for damages does not show that the plaintiff, when he made the alleged representations, knew that they were false. It is true the defendants' evidence goes no further than to show that plaintiff pointed out the location of his boundary lines, and that this location so pointed out was not correct as to one of said lines. Is there any necessity for proof that the plaintiff at the time knew that the line pointed out by him was not the true line? One who asserts as a fact a thing which he does not know to be true, upon the faith of which assertion another acts, may be just as guilty of fraud as though he had actual knowledge that the statement made by him was false. He cannot say in defense that he did not know whether the statement he made was true or not. An owner of real estate, when dealing with another in regard to it, may be presumed to know the exterior boundaries of his land, and if he makes representations in regard thereto, and one deals with him upon the faith of such representations, which afterward turn out to be false, he will be as liable as though he knew they were false at the time he made them. This doctrine is well supported by our authorities. *Dickinson* v. *R. R. Co.*, 7 W. Va. 390; *Crislip* v. *Cain*, 19 W. Va. 438; *Tolley* v. *Poteet*, 62 W. Va. 231; *James* v. *Piggott*, 70 W. Va. 435.

It is further contended that the plaintiff only undertook to sell such timber as was within the boundaries of this fifty-five acre tract of land, and that the defendants could have ascertained these boundaries from independent sources without the necessity of relying upon the plaintiff's statements in regard thereto. This may be quite true. No doubt the defendants could have had a survey made of the land and determined that the boundaries did not include the tract of timber which it was afterward found lay without the same, but were they

under obligation to do this? When one is dealing with another in regard to his property he may rely upon the representations of that other, notwithstanding by independent investigation he could have discovered that the representations were false. There is no presumption of law that the representations made by parties dealing with each other in business transactions are false so as to require independent investigation to confirm them. Rather is it the rule that the party to whom the representation is made may believe the same to be true and act thereon, unless he has independent knowledge of its falsity. People having business transactions must understand that when they make statements or representations which induce others to deal with them they must answer for the truth thereof. *Staker* v. *Reese,* 82 W. Va. 764.

This brings us to the only remaining question, and that is whether the court below applied the true measure of damages. The jury was instructed that if the plaintiff made the representations claimed by the defendants, then there should be deducted from the amount which the plaintiff was entitled to recover a sum bearing the same proportion to the total purchase price of the timber that the timber lost by the defendants bears to the whole tract; and refused to instruct the jury that the defendants were entitled to recover the value on the stump of the timber lost to them. This question has given rise to much conflict of authority, many courts holding that the true measure of damages in an action for fraud and deceit in the sale of property by the vendee is the difference between the actual value of the property and the purchase price, while many others hold to the view that such measure of damages is the difference between the actual value of the property received and the value if it had been as represented. Under the former holdings the vendee is simply given back his purchase money, less the value of the property he gets, while in the latter he is given the benefit of his bargain; or, in other words, the vendor is compelled to make good his representations. We perceive no reason why a vendor who procures a sale by false and fraudulent representations should not be required to make those representations good by making compensation for the difference between the

real state of the case and what he represented it to be. People dealing honestly with each other are held to this measure of accountability in case of failure to perform their contracts, and what good reason can there be for excusing a fraudulent trader from the same responsibility that is inflicted upon one acting honestly? The uniform rule is that where the seller of property fails to deliver it at the time and place contracted, the measure of damages to which the buyer is entitled is not the purchase price paid by him, but is the value of the property which the other party agreed to deliver at the time and place of delivery; and so should the seller deliver an article not in all respects meeting his contract, and the same should be accepted by the buyer, the measure of the buyer's damages for a breach of the contract in this respect is uniformly held to be the difference between the value of the article which was delivered and the value of the article he contracted to deliver. To hold that one who fraudulently procures a contract can only be made to answer for the amount of money he received less the value of the thing passing to the seller would be to encourage fraudulent dealing, for it would put a fraudulent contractor in a very much better position than one who acted in good faith, but was prevented by some fortuitious circumstance from fulfilling his contract. The textwriters and commentators upon this subject, with practical unanimity, hold that the true measure of damages in an action for fraud and deceit in the procurement of a contract is the difference between the actual value of the thing furnished and the value it would have had had the representations made been true. 4 Sutherland on Damages, §§ 1171, 1172; 2 Sedgwick on Damages, §§ 439b, 777; 3 Sedgwick on Damages, § 1027; 12 R. C. L., Title "Fraud & Deceit," § 198; 20 Cyc, p. 132. The curious practitioner will find the authorities upon this question collated and commented upon in the report of the following cases in the Selected Cases Series cited: *Stiles* v. *White,* 11 Metcalf 356, 45 Am. Dec. 214; *Crater* v. *Binninger,* 33 N. J. L. 513, 97 Am. Dec. 737; *Cottrill* v. *Krum,* 100 Mo. 397, 18 Am. St. Rep. 549-562; *Grahn* v. *R. Co.,* 100 Texas, 27, 123 Am. St. Rep. 767-776; *Kendrick* v. *Ruys,* 225 Mo. 150, 135 Am. St. Rep. 585; *Gustafson* v. *Ruste-*

*meyer,* 70 Conn. 125, 39 L. R. A. 644; *George* v. *Hesse,* 100
Texas 44, 8 L. R. A. (N. S.) 804; *Tooker* v. *Alston,* 159 Fed.
599, 16 L. R. A. (N. S.) '818; *Stoke* v. *Converse,* 153 Iowa
274, 38 L. R. A. (N. S.) 45, Ann. Cases 1913 E; *Chapman*
v. *Bible,* 171 Mich. 663, 43 L. R. A. (N. S.) 373.

Our own case of *Averill* v. *Bowyer,* 76 W. Va. 642, would
seem to foreclose this question in this state. We are, therefore,
of opinion that the correct measure of damages in this case is
the difference between the value of the timber actually secured
by the defendants and its value had it included the timber
represented to be included within the boundary by the plaintiff,
which, of course, could be arrived at by ascertaining the actual
value of the timber which the defendants did not get, and which
plaintiff represented was included within his boundaries.
Authorities are cited by the plaintiff to the effect that in sales
of land where a shortage in the acreage is sustained by reason
of failure of title, or for some other reason about which the
parties were mistaken, the measure of abatement is the propor-
tion which the value of such shortage bears to the purchase
price paid for the whole tract. The rule announced in those
cases is based upon ample authority, but cannot be said to be
applicable in a case like this. The gist of this action is the tort
committed in procuring the defendants to enter into a con-
tract. There is no claim here that they did not get exactly
what they contracted to get, but their claim for damages is
that they were made to believe that the thing for which they
contracted was different from the thing as it really existed.
There is no shortage of acreage in the timber actually bought,
nor is any such claim made. It may very well be that where
a tract of land is conveyed, and the title of the vendor fails as
to a part of it, the measure of abatement in the purchase price
to which the vendee would be entitled would be entirely differ-
ent from his measure of damages in case he was induced to enter
into a contract for the purchase of a thing upon the theory that
the contract included that which by its terms is not included
therein. The basis of the action is entirely different. It would
not do to say that those engaged in business can with impunity
commit frauds and be required only to pay back that which

they succeed in procuring by their fraud. In one sense this may make the other party whole, but in another sense it does not. One engaged in business is entitled to the benefit of any advantage he gets by his contract, and he is justified in believing that the party with whom he contracts is acting fairly and candidly, so that when the contract is completed he is warranted in believing that he has improved his condition. He has his efforts and his business acumen involved in the transaction, as well as his money, and in case he is injured by the fraud or deceit of the other party he is entitled to compensation for the contract he believed he was making, and not simply for the return of his money.

For this error the judgment will be reversed, the verdict of the jury set aside, and the cause remanded for a new trial.

*Reversed and remanded.*