# CHARLESTON.

## REDINGER *v.* BOYD.

Submitted September 9, 1924.   Decided September 16, 1924.

1.  JUSTICES OF THE PEACE—*Defendant, Interposing Counterclaim in Justice Court for Damages to Automobile, Estopped by Unappealed Judgment of Dismissal From Suit Therefor.*

    Where an action is instituted in a justice's court for the recovery of damages alleged to have been done to plaintiff's automobile in a collision between the automobiles of the plaintiff and defendant, in which collision both automobiles were damaged, and in such action the defendant files as a set-off or counterclaim damages to his automobile sustained by him in said collision, and the case is tried and both claims passed upon by the justice, and the action dismissed and judgment rendered accordingly, and the case is not appealed, the defendant in such case is estopped from instituting a suit against the plaintiff in said suit for the cause of action as is set forth in said set-off or counterclaim. (p. 151).

    (Justices of the Peace, 35 C. J. § 306 [1926 Anno]).

2.  SAME—*Sole Remedy to Correct Justice Court, Judgment on Counterclaim not Founded on Judgment or Contract, is by Appeal.*

    A set-off or counterclaim, as defined by section 52 of chapter 50 of the Code, "must be founded on judgment or contract, express or implied." If, however, the justice erroneously admits to be filed a counterclaim which is not so founded, and issue is joined on said counterclaim, and the matter tried and a judgment rendered thereon against the defendant, the only means of correcting said erroneous judgment is by appeal. (p. 152.)

    Justices of the Peace, 35 C. J. § 283).

    ---

    NOTE:  Parenthetical references by Editors, C. J.—Cyc.   Not part of syllabi.

Certified Questions from Circuit Court, Taylor County.

Action by E. F. Redinger against W. L. Boyd.   The Court overruled motion to reject defendant's plea and certified the questions arising thereon.

*G. W. Ford,* for defendant.

*Affirmed.*

McGinnis, Judge:

This action was commenced before L. C. Haymond, a justice of Taylor County, summons issued on the 23rd day of July, 1921, and was tried by the justice on the 4th day of August, 1921, and judgment rendered in favor of the plaintiff for $121.74, from which judgment the defendant appealed to the circuit court of said county. The cause of action arose out of a collision of the automobiles of the plaintiff and defendant. Upon the trial of the action before the justice, the defendant filed two special pleas, No. 1 and No. 2. When the case came on for trial in the circuit court the defendant, by consent of the court, withdrew his plea No. 2, and the plaintiff moved the court to reject the defendant's plea No. 1, as being insufficient in law. The court overruled said motion and held said plea to be sufficient in law, and by agreement of parties the questions of law and fact arising upon said plea are certified to this court. This plea alleges that the cause of action arose from a collision of the automobiles of the plaintiff and defendant, and that the defendant Boyd believing that the plaintiff in this suit was guilty of negligence and by reason of which, he sustained damage to the amount of $59.95; that the defendant in the instant suit on the 24th day of June, 1921, instituted an action before Charles W. Monroe, a justice of the peace of said county, against the plaintiff in the instant suit, for the recovery of said damages; that upon said trial the defendant in that action and the plaintiff in this case, filed his claim of set-off, alleging that he sustained damage in said collision to the extent of $121.74, and notified the defendant, the then plaintiff, that said Redinger would move said justice for a judgment thereon, that issue was joined by both parties, the defendant denying the liability for damages claimed by the plaintiff, and the plaintiff denying liability for the claim for damages set forth in the defendant's "Bill of Offset"; that evidence was then introduced by the then plaintiff to support his claim for damages, and in denial of the set-off filed by Redinger; that this plaintiff did not introduce any evidence in support of his counterclaim, and moved the justice to dismiss said suit and to enter judgment against the defendant

for the costs of said suit, which motion the justice sustained and dismissed said suit and entered judgment that the defendant take nothing by reason of his suit, and that the said Redinger take nothing by reason of his set-off, and further that the defendant pay the costs of said suit; that no appeal was had from said judgment and that it is in full force and effect; that the claim of E. F. Redinger against this defendant specified in said set-off filed in said suit before Monroe, arose out of the same transaction upon which was based the said suit of defendant against said E. F. Redinger instituted as aforesaid before said Monroe, to-wit, the automobile accident herein mentioned and matters contained in said set-off and was for committing the very same wrong and no other and now alleged in the summons and in the bill of particulars in the suit now pending.

This plea was filed in the justice's court. Section 50 of chapter 50 of the code prescribes the rules of proceeding before a justice; sub-division 4 of that section provides that "The answer of the defendant may contain, first a denial of the complaint or some part thereof; a statement of the facts constituting a defence of counterclaim." This plea No. 1 sets up a former adjudication of the damages set up in the present case. It alleges in substance that the plaintiff in this case filed his claim for damages growing out of the same automobile collision; in the present case the bill of particulars is the same as that filed in the former case, and, that the said claim was passed upon after hearing the evidence, and judgment thereon rendered against the plaintiff upon said claim, and that said judgment was not appealed from and is now in force.

By section 52 of chapter 50 of the Code it is quite manifest that the demand to be set-off, must be *ex contractu,* that it must be "founded upon contract express or implied." It seems clear that the justice erred in permitting the claim of the plaintiff to be filed. It is not such a set-off or counterclaim as is prescribed and defined in the section referred to. It is not founded upon a contract express or implied; the judgment of the justice is therefore erroneous, but it is not a void judgment. The justice had jurisdiction of the

claim filed, in an independent suit, and having allowed the claim to be filed upon motion of the defendant and having heard and determined the matters in controversy between the parties, the only manner by which such erroneous judgment could have been corrected was by an appeal from said judgment.

> "The judgment of a justice, though erroneous, is not void for off-setting against plaintiffs demand against defendant, and without his consent, and against his protest, a joint note of plaintiff and a third person held by defendant, and such erroneous judgment can be corrected only upon appeal, if an appellate court would have jurisdiction thereof, and a court of equity has no jurisdiction in a suit by or against such defendant to correct such erroneous judgment against him." *Cross et al.* v. *Gall et al.* 65 W. Va. 276.

The defendant having failed to avail himself of that remedy is estopped from instituting another suit for the same cause of action.

> "It is well settled, that a point once adjudicated by a court of competent jurisdiction, however erroneous that adjudication, may be relied on as an estoppel in any subsequent collateral suit in the same or any other court, at law or in chancery, when either party allege anything inconsistent with it; nor is it necessary that precisely the same parties were plaintiffs or defendants in the two suits." *Corrothers et al* v. *Sargent et al.*, 20 W. Va. 351.

The cases of *Bowdish* v. *Grosscup,* 70 W. Va. 758 and *Stout* v. *Martin,* 87 W. Va. 1, do not apply to the facts in this case; in each of those cases the counterclaim filed and discussed arose out of and were founded upon contract; in this case the counterclaim is for unliquidated damages for a tort.

And having considered all the questions properly certified to this court in this case, we affirm the decision of the lower court in overruling the motion to reject defendants plea No. 1.

*Affirmed.*